DUNKELL *v.* SIMONS *et al.*[1]

(*Common Pleas of New York City and County, General Term.* December 2, 1889.)

1. MASTER AND SERVANT—DISOBEYING ORDERS—WRONGFUL DISCHARGE.
    Since a master has the right to fix his own prices on his goods, and to insist that any offer of a smaller price should be submitted to him for determination by his servant, the reasonableness of this order is not a question of fact for the jury; and the servant's disobedience is not excused by the fear that his dignity would be impaired in the eyes of some customers if he should comply with the order.

2. SAME—INTOXICATION AS GROUND OF DISCHARGE.
    Gross intoxication of the servant while on duty, though produced by drinking liquor for sanitary reasons, warrants the master in discharging him.

3. SAME—CONDONATION OF OFFENSE.
    The intoxication of a servant while on duty is not condoned by the master's not discharging him on the spot; but the circumstances must show that the delay was owing to the master's forgiveness, and not to any other good reason.

Appeal from city court, general term.

Action by Albert Dunkell against Henry F. Simons and Frederick G. Cunningham, trading as H. F. Simons & Co., to recover damages for plaintiff's alleged wrongful discharge from defendants' service. From a judgment af-

[1] Reversing 5 N. Y. Supp. 417.

firming the judgment of the trial term in plaintiff's favor, defendants appeal. For the facts and former opinion, see 5 N. Y. Supp. 417.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*Stapler & Wood*, (*Henry B. B. Stapler*, of counsel,) for appellants. *Henry Parsons*, for respondent.

VAN HOESEN, J.   The plaintiff, as the servant of the defendants, was bound to obey the lawful instructions they gave as to the manner in which he should perform the work that they employed him to do.   It was no excuse for his disobeying his masters' orders that he thought that his dignity would be impaired in the eyes of some customers if he should, in obedience to the defendants' commands, apply to the defendants for permission to sell goods at a lower figure than that at which he had first offered them.   The defendants had a right to fix the prices upon their own goods, and to insist that any offer of a smaller price should be submitted to them, that they might determine whether or not it would be better to accept it than to have an intending purchaser leave without buying.   A clerk who is too dignified to obey such an order places his employer in a most embarrassing position, for the clerk must then usurp the powers of his employer, and reduce the prices as he pleases, or else the price first asked must be insisted upon even though the customer is, by a refusal to shade the prices, lost to the store forever.   A clerk who refuses to obey such instructions ought not to complain if his employer has no further use for him. , It was error to leave it to the jury to determine whether such commands of the employer were or were not reasonable.   The law adjudges them to be reasonable, and the judge ought so to have instructed the jury.   It was also error to tell the jury, as the judge did in substance tell them, that the gross intoxication of the clerk would not warrant the employer in discharging him if it were produced by drinking liquor for sanitary reasons.   No such palliation for drunkenness in a clerk while on duty is known to the law.   It would be most unfortunate if a clerk, who, by drunkenness, totally incapacitated himself for the performance of his duties, could compel his master to retain him in his service by setting up the excuse that his inebriety was the result of an attempt to cure the malaria with whisky.   It is for the jury, and not for the court, to determine whether or not the defendants had pardoned and condoned the offense of drunkenness, and the court should tell the jury that it did not follow that the offense was condoned because the employer did not discharge the clerk on the spot; that there must be evidence of condonation; and that the circumstances must show that the employer had forgiven the clerk, and that the delay of the employer in discharging him was owing to forgiveness of the delinquency, and not for any other good reason.

The judgment should be reversed, and a new trial ordered, with costs of the appeal in this court to the defendants, to abide the event.   All concur.