William H. Tolhurst et al., Appellants, *v.* Joseph A. Powers, Respondent.

Plaintiffs constructed a certain machine for B., which they delivered without requiring payment of a balance due for their work. The machine did not work successfully and was returned to plaintiffs to make some alterations therein. This they agreed to do and did do upon defendant's promise to pay their charges therefor, which he did. Upon plaintiffs' threatening to retain possession of the machine unless the original indebtedness was paid, defendant promised orally to pay the same and the machine was shipped to him with the consent of B. In an action upon the promise *held*, that it was without consideration and plaintiffs were not entitled to recover; that they lost their primary lien by delivery and acquired no new one by reason of the alterations which were paid for; and so that their refusal to surrender possession was a wrong, and such surrender furnished no consideration; that the shipment to defendant, was a delivery to B., and the former obtained no right or interest in the property as the result of the delivery.

(Argued May 25, 1892, decided June 7, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 11, 1891, which affirmed a judgment in favor of defendant, entered upon the report of a referee.

This action was brought to recover a balance of an account originally due plaintiffs from one Clinton M. Ball for services in the construction and fitting of a dynamo and other electrical appliances, which it was claimed defendant had agreed to pay.

The facts, so far as material, are stated in the opinion.

*Nelson Davenport* for appellants. The case at bar does not fall within the Statute of Frauds. (*Leonard* v. *Vredenburgh*, 8 Johns. 29; *Mallory* v. *Gillett*, 21 N. Y. 312; *Brown* v. *Weber*, 38 id. 187; *White* v. *Rintoul*, 108 id. 227.)

*Frank S. Black* for respondent. As an original contract the promise of defendant was void, there being no consideration. (*McFarland* v. *Wheeler*, 26 Wend. 467; *Black* v. *Bogart*, 65 N. Y. 601; *W. T. Co.* v. *Barber*, 56 id. 544; *Trust* v. *Person*, 3 Abb. Pr. 84, 85; *Walther* v. *Wetmore*, 1 E. D. Smith, 7, 24; 1 Add. on Cont. 15, 26; *Tolhurst* v. *Powers*, 61 Hun, 105, 107; *Crosby* v. *Wood*, 6 N. Y. 369, 374; *Converse* v. *Kellogg*, 7 Barb. 596, 598; *Morgan* v. *Hodges*, 50 N. W. Rep. 876; *Davison* v. *Ford*, 23 W. Va. 618, 627.) The promise of the defendant, if collateral, was void. (*Mallory* v. *Gillett*, 21 N. Y. 412; *Ackley* v. *Parmenter*, 98 id. 425.)

FINCH, J. We agree with the prevailing opinion of the General Term that there was no consideration to support the promise of Powers to pay Ball's debt to the plaintiffs. The latter originally constructed a dynamo for which Ball became indebted to them, and after all payments he remained so indebted when the machine was ready for delivery. The builders, of course, had a lien upon it for the unpaid balance, but waived and lost their lien by a delivery to Ball without

payment. He, being then the owner and holding the title free from any incumbrance, sold the dynamo to Crane on a ·contract apparently contingent upon the successful working of the machine. It did not work successfully and was sent back to plaintiffs to be altered with a view of correcting its imperfections. At this point occurred the first intervention of the defendant Powers. He had not then obtained, so far as the ·case shows, any interest in the machine, and the complete title was either in Crane or Ball or in both; but when the plaintiffs hesitated about entering upon the new work until their charges for it should be made secure, Powers agreed to pay them. The true character of that promise is immaterial, for, when the work was done, Powers did pay according to his contract. Thereafter, Ball and Powers requiring a delivery of the ·dynamo, the plaintiffs undertook or threatened to retain the possession till the original debt should be paid. That they had no right to do. Their primary lien was lost by the delivery ·and they acquired no new one by reason of the repairs which were paid for. Such refusal to surrender the possession was an absolute wrong without any color of right about it. After demand their refusal was a trespass, and according to their own evidence the sole consideration for the promise which they claim that Powers made to pay the old debt of Ball was their surrender of possession. To that they were already bound and parted with nothing by the surrender. They gave up no right which they had against any one, but ·extorted the promise by a threat of what would have been, if executed, a wrongful conversion. Doing what they were already bound to do furnished no consideration for the promise.

It is said, however, that Ball made no demand, and until he did, the plaintiffs were not bound to deliver the possession, and that the delivery was to Powers and not to Ball. But there was certainly a request to ship the machine and so part with the possession, and both the request and the shipment were with the concurrence of Ball. It was that very request that brought up the subject of the old debt, and Ball stood by, plainly assenting, at least by omitting any dissent or objection.

The shipment to Powers by name made it none the less a delivery to Ball, whose concurrence is explicitly found. Surely, after what happened, the latter could not have maintained an action for conversion on the ground that there had been no delivery to him. The undisputed fact is that the plaintiffs were seeking to withhold a delivery to the owner without the least right of refusal. There was no harm to plaintiffs and no benefit conferred on Powers. The former parted with nothing of their own, and the latter gained nothing, for the shipment to him was a delivery to Ball, the owner, since made with his concurrence, and Powers obtained no right or interest in the property as the result of the delivery. He simply took it, if he took at all, which is doubtful, as the agent or bailee of the owner, and acquired no right in it until a later period. Until the mortgage made subsequently, his advances for repairs constituted only an unsecured debt against Ball. The turning point of the appellant's argument is the unwarranted assumption that the plaintiffs agreed to deliver, and did deliver, the dynamo to one whom they knew not to be the owner without the assent of Ball, who was the owner, but who, nevertheless, stood by and made no objection. No fair construction of the evidence will sustain the appellant's theory.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.