SABIN v. MIX et al.

(Supreme Court, Appellate Division, Second Department. January 31, 1899.)

1. CONTRACT OF EMPLOYMENT—CONSTRUCTION.

A salesman, under his contract, was to travel for a firm "for the year 1890," for which services the firm was to pay him at the rate of $1,500 per year for the time engaged in their service, providing that his selling expenses did not exceed 8 per cent. of his net sales; the firm agreeing to pay all legitimate traveling expenses. *Held* an unconditional contract of employment for the year 1890, and the proviso was not a condition precedent to his right to remain in their employment.

2. SAME—EVIDENCE.

A letter from the firm, written in June, 1890, saying: "We do not see how we can afford to send you out again. You have made it cost us 7 per cent. beyond what it cost us to sell our goods, * * * and we have no hope of your being able to redeem yourself, and think it would be best to end it up here,"—conceding that it was binding on the salesman, was no evidence that his expenses exceeded 8 per cent. of his net sales, within the terms of the contract.

Appeal from trial term, New York county.

Action by William E. Sabin against Garry I. Mix and another for breach of contract. The complaint was dismissed at the close of plaintiff's case, and from an order denying a new trial, and directing exceptions to be heard in the first instance at the appellate division, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

J. A. Hodge, Jr. (J. M. Ferguson, on the brief), for appellant.
William H. Sage, for respondents.

GOODRICH, P. J. On January 27, 1890, the plaintiff, who for some time previously had been a traveling salesman, became a party to the following contract with the defendant:

"Yalesville, Conn., Jany. 27th, 1890.

"It is hereby agreed between G. I. Mix & Co. and W. E. Sabin that the said W. E. Sabin is to travel and sell goods for the said G. I. Mix & Co. for the year 1890, for which services the said G. I. Mix & Co. are to pay him at the rate of $1,500.00 per year for the time engaged in their service, providing that the expense of selling by him does not exceed 8% of his net sales; the said G. I. Mix & Co. to pay all legitimate traveling expenses.

"G. I. Mix & Co.
"W. E. Sabin."

On February 1st the plaintiff entered upon his duties, and made two trips; the first ending on April 1st, and the second on June 1st. He was paid his salary up to June 1st, and afterwards discharged.

The court at trial term dismissed the complaint at the close of the plaintiff's case, over the plaintiff's exception, denied a motion for a new trial, and directed that the exceptions be heard in the first instance at the appellate division. Our decision must rest upon the construction to be given to the agreement. The plaintiff's contention is that it was a contract of employment for the remainder of the year 1890, and that the proviso at the end limited the salary which he was to receive, but did not shorten the term of employment; while the defendants contend that the contract was conditional upon the expense of selling not exceeding 8 per cent. of the plaintiff's net sales, and that, if the plaintiff's expenses exceeded that amount, the defendants could at any time terminate his employment. We think that the contract was for the employment of the plaintiff for the remainder of the year 1890, and that the proviso does not constitute a condition precedent to the plaintiff's right to continue in the employ of the defendants. In other words, the plaintiff was not bound to prove, as a condition precedent to his right of recovery, that the expense of selling did not exceed 8 per cent. of his net sales for the particular period during which he remained in the service of the defendants. It may be that at the end of each trip, or at the end of the year, the defendants might have had an accounting, and, if it was found that the plaintiff's expenses exceeded 8 per cent. of his net sales, the salary was not to be at the rate of $1,500 per year, and that a proportionate reduction should be made on the amount of his recovery in this action; but we are not called upon to decide this question, and express no opinion in regard thereto. This was matter of defense, and was properly set up in the answer; but there was no evidence to show that the plaintiff's expenses of selling exceeded 8 per cent. of his net sales during the period of his service. The only suggestion of evidence on that point is a letter written by the defendants to the plaintiff on June 16th, in which they said:

"We do not see how we can afford to send you out again. You have made it cost us 7% beyond what it cost us to sell our goods before we made carpenters' tools; and we have no hope of your being able to redeem yourself, and think it would be best to end it up here."

Even conceding that, as this letter was put in evidence by the plaintiff, he is in some measure bound by its contents, it does not afford us any evidence that the plaintiff's expenses exceeded 8 per cent. of his net sales. The letter makes no reference to this matter. We have no means of knowing that the 7 per cent. named in the letter had any connection with the 8 per cent. named in the agreement, and there is no evidence from which we can say that all the conditions of the contract were not performed by the plaintiff.

It was therefore error to dismiss the complaint, and a new trial is granted, with costs to the plaintiff to abide the event. All concur.