WILLIAM E. SABIN, Plaintiff, *v.* WILLIAM A. KENDRICK, Defendant, Impleaded with GARRY I. MIX.

*Contract of employment of a salesman — provision that "the expense of selling by him does not exceed 8% of his net sales" — it is not a condition precedent to his right to continue in such employment.*

An instrument was executed containing the following terms:

"YALESVILLE, CONN., *Jany. 27th,* 1890.

"It is hereby agreed between G. I. Mix & Co. and W. E. Sabin that the said W. E. Sabin is to travel and sell goods for the said G. I. Mix & Co. for the year 1890, for which services the said G I. Mix & Co. are to pay him at the rate of $1500.00 per year for the time engaged in their service, providing that the expense of selling by him does not exceed 8% of his net sales, the said G. I. Mix & Co. to pay all legitimate traveling expenses.

"G. I. MIX & CO.
"W. E. SABIN."

*Held,* that the instrument created a contract for the employment of the said W. E. Sabin for the remainder of the year 1890, and that the proviso that "the expense of selling by him does not exceed 8% of his net sales," did not constitute a condition precedent to said W. E. Sabin's right to continue in the employ of G. I. Mix & Co. — although it might be that if it should be found that the expenses of selling exceeded eight per cent a proportionate reduction should be made in the amount of his salary.

MOTION by the plaintiff, William E. Sabin, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

This motion was transferred from the first department to the second department.

*J. Aspinwall Hodge, Jr.* [*J. M. Ferguson* with him on the brief], for the plaintiff.

*William H. Sage,* for the defendant.

GOODRICH, P. J. :

On January 27, 1890, the plaintiff, who for some time previously had been a traveling salesman, became a party to the following contract with the defendant :

"YALESVILLE, CONN., *Jany. 27th,* 1890.

"It is hereby agreed between G. I. Mix & Co. and W. E. Sabin, that the said W. E. Sabin is to travel and sell goods for the said G. I. Mix & Co. for the year 1890, for which services the said G. I. Mix & Co. are to pay him at the rate of $1500.00 per year for the time engaged in their service, providing that the expense of selling by him does not exceed 8% of his net sales, the said G. I. Mix & Co. to pay all legitimate traveling expenses.

"G. I. MIX & CO.
"W. E. SABIN."

On February first the plaintiff entered upon his duties and made two trips, the first ending on April first and the second on June first. He was paid his salary up to June first and afterward discharged.

The court at Trial Term dismissed the complaint at the close of the plaintiff's case, over the plaintiff's exception, denied a motion for a new trial and directed that the exceptions be heard in the first instance at the Appellate Division. Our decision must rest upon the construction to be given to the agreement. The plaintiff's contention is that it was a contract of employment for the remainder of the year 1890, and that the proviso at the end limited the salary which he was to receive, but did not shorten the term of employment, while the defendants contend that the contract was conditional upon the expense of selling not exceeding eight per cent of the plaintiff's net sales, and that if the plaintiff's expenses exceeded that amount the defendants could at any time terminate his employment.

We think that the contract was for the employment of the plain-

tiff for the remainder of the year 1890, and that the proviso does not constitute a condition precedent to the plaintiff's right to continue in the employ of the defendants. In other words, the plaintiff was not bound to prove, as a condition precedent to his right of recovery, that the expense of selling did not exceed eight per cent of his net sales for the particular period during which he remained in the service of the defendants. It may be that at the end of each trip, or at the end of the year, the defendants might have had an accounting, and if it was found that the plaintiff's expenses exceeded eight per cent of his net sales the salary was not to be at the rate of $1,500 per year, and that a proportionate reduction should be made on the amount of his recovery in this action; but we are not called upon to decide this question and express no opinion in regard thereto. This was matter of defense and was properly set up in the answer, but there was no evidence to show that the plaintiff's expenses of selling exceeded eight per cent of his net sales during the period of his service. The only suggestion of evidence on that point is a letter written by the defendants to the plaintiff on June sixteenth, in which they said : " We do not see how we can afford to send you out again, you have made it cost us 7% beyond what it cost us to sell our goods before we made carpenters' tools, and we have no hope of your being able to redeem yourself and think it would be best to end it up here." Even conceding that as this letter was put in evidence by the plaintiff he is in some measure bound by its contents, it does not afford us any evidence that the plaintiff's expenses exceeded eight per cent of his net sales. The letter makes no reference to this matter. We have no means of knowing that the seven per cent named in the letter had any connection with the eight per cent named in the agreement; and there is no evidence from which we can say that all the conditions of the contract were not performed by the plaintiff.

It was, therefore, error to dismiss the complaint and a new trial is granted, with costs to the plaintiff to abide the event.

All concurred.

Exceptions sustained and new trial granted, costs to abide the event.