WILLIAM E. SABIN, Respondent, *v.* WILLIAM A. KENDRICK, Appellant.

*Salesman — selling below the authorized price — a ground for discharge.*

A salesman employed to sell goods at a given price, and instructed not to sell below that price, who deliberately disobeys such instructions and then seeks to deceive his employer in reference thereto, violates his contract of employment, and may be summarily discharged, even if the damage sustained by the employer, because of the sale below the given price, is small.

APPEAL by the defendant, William A. Kendrick, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of July, 1899, upon the report of a referee.

*William H. Sage*, for the appellant.

*J. Aspinwall Hodge, Jr.*, for the respondent.

McLAUGHLIN, J.:•

This action was brought to recover a balance alleged to be due the plaintiff for services rendered under a written contract. There have been three trials. On the first the result was unsatisfactory to both parties, and the verdict was, by consent, set aside. On the second the complaint was dismissed, but on appeal the judgment was reversed and a new trial ordered. (*Sabin* v. *Kendrick*, 36 App. Div. 443.) On the third the referee to whom the issues were sent reported in favor of the plaintiff, and from the judgment entered upon his report the defendant has appealed.

Upon the trial before the referee, it appeared that on the 27th day of January, 1890, the plaintiff and the firm of G. I. Mix & Co., of which the defendant is the successor, entered into a contract, of which the following is a copy:

" YALESVILLE, CONN., Jany. 27, 1890.

" It is hereby agreed between G. I. Mix & Co. and W. E. Sabin that the said W. E. Sabin is to travel and sell goods for said G. I. Mix & Co. for the year 1890, for which services the said G. I. Mix & Co. are to pay him at the rate of $1,500 per year, for the time engaged in their service, provided that the expense of selling by him does not exceed 8 per cent of his net sales; the said G. I. Mix & Co. to pay all legitimate travelling expenses.

" G. I. MIX & CO.
" W. E. SABIN."

That in pursuance of this contract the plaintiff rendered services; that he made two trips, one commencing about the first of February and ending about the first of April, and the other commencing shortly after the first of April and ending about the first of June; that during each trip he made certain sales, and on his return delivered to G. I. Mix & Co. a memorandum of his expenses, from which it appeared that the expenses of the first trip were eleven per cent of the total sales made, and on the last trip about thirteen per cent.

It also appeared that when the contract was executed and the plaintiff commenced to render services to the defendant under it, he was furnished by the firm with a schedule of prices at which he was to sell, and he was then told that he *must not sell below that price.* The terms upon which he was authorized to sell were sixty

per cent off the list price and then ten per cent off the remainder. On the second trip he sold certain goods to the Wyeth Hardware Manufacturing Company at a price less than he was authorized to sell, viz., sixty per cent off the list price, then ten per cent off that and five per cent off the remainder. When he made this sale, he forwarded to the defendant a memorandum of it, but he did not indicate that he had sold at a price less than he was authorized to sell, and the defendants did not learn of that fact until the Wyeth Company settled for the purchase made by it. On or shortly after the plaintiff's return from the second trip, he was, by letter dated June 21, 1890, discharged, and one of the grounds assigned therefor was that he had disobeyed his instructions by selling lower than his authorized prices, and this was one of the defenses alleged in the defendant's answer.

As to the plaintiff's making the sale to the Wyeth Company contrary to his instructions, and at a less price for the goods than he was authorized to sell, there was at the trial no dispute between the parties. Two witnesses, on behalf of the defendant, testified that the plaintiff actually sold goods to the Wyeth Company at a less price than he was authorized to sell, and that the plaintiff, when his attention was called to the fact, admitted it, and that the order for, or memorandum of the sale, forwarded by the plaintiff, indicated that the sale had been made upon the terms authorized, viz., sixty per cent off the selling price and ten per cent off the remainder. The plaintiff, notwithstanding he was recalled as a witness after the testimony of these witnesses had been given, did not deny it; neither did he offer any explanation of his conduct in making this sale. Insubordination and disobedience of orders was one of the grounds assigned by the defendant for the plaintiff's discharge. It was, as we have seen, one of the defenses relied upon, and the testimony referred to, unqualified, unexplained and uncontradicted, was in and of itself sufficient to justify the discharge and sustain the defense. A salesman employed to sell goods at a given price, and instructed not to sell below that price, who deliberately disobeys the instructions and then seeks to deceive his principal in reference to it, violates his contract of employment and may be summarily discharged therefor. It is said that the damages sustained by the defendant, by reason of the sale to the Wyeth Company, were

small. This is of no importance. The insubordination being admitted, at least not denied, the defendant had a legal right to discharge the plaintiff. The extent of the damages could not destroy or change that right. It is not difficult to see that a disobedience of instructions by a traveling salesman, as to the price at which goods are to be sold, might entail a very serious loss upon the principal. Fair dealing requires that all customers should be treated alike. A different price to different customers, for the same class or kind of goods, would not only create dissatisfaction among the customers, but it might, and very likely would, tend in no small degree to destroy the confidence which they had in the seller.

The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., BARRETT, RUMSEY and INGRAHAM, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.