(58 App. Div. 108.)

## SABIN v. KENDRICK.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

1. CONTRACT OF EMPLOYMENT—VIOLATION—CONDONATION.
    Violation by a traveling salesman, on his first trip, of his contract of employment, by selling at a greater discount than authorized, is condoned by his employer, with knowledge of the facts, sending him on a second trip; so that he cannot be discharged therefor, the offense not having afterwards been repeated.

2. PAROL EVIDENCE—EXPLAINING CONTRACT.
    Conversations between the parties to a written contract after its execution are admissible to explain an ambiguity therein.

Appeal from trial term, New York county.

Action by William B. Sabin against William A. Kendrick. From a judgment on a verdict for defendant, and from an order denying motion for new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Aspinwall Hodge, Jr., for appellant.
William K. Sage, for respondent.

HATCH, J. This action was brought to recover damages for a wrongful discharge under a contract of employment. The questions involved have been twice considered by appellate tribunals; once by the Second department (36 App. Div. 443, 55 N. Y. Supp. 840), and again by this department (46 App. Div. 90, 61 N. Y. Supp. 336). In both decisions the contract of employment is set out in full. Upon the first trial the complaint was dismissed upon the ground that it was a condition precedent to plaintiff's right of recovery to show that the expenses of selling the goods which he was employed to sell did not exceed 8 per cent. of his net sales. The appellate division of the Second department reversed the judgment upon the ground that the expense of selling was not a condition precedent to the right of recovery; that it was a matter of defense, which was properly pleaded in the answer. So far as the construction of the contract is concerned, this is all that the court decided, and the case was disposed of upon the ground that the evidence then before it was not sufficient to show that the expense of selling exceeded the 8 per cent. This is all for which that decision is authority. So far as it construes the contract, it is to be regarded as the law of this case. Upon a subsequent trial the plaintiff had a verdict, but it was reversed by this court upon the ground that the evidence tended to establish that the plaintiff had been guilty of insubordination, violation of instructions, and deceit, and, as such acts were not denied by the plaintiff, it furnished a legal ground for his discharge. In the course of the discussion the court, in substance, said that the extent of the damages could not destroy or change the legal right upon which to base a discharge. It is evident from the whole testimony that the court regarded the violation of duty on the part of the plaintiff as being of a substantial character. It is probably true that the violation of duty in the particulars mentioned, if they

were not substantial, and did not and could not work injury to the defendant, formed no basis for a discharge upon that ground. The testimony, however, furnished a basis from which the jury were authorized to find that the violation of duty affected the interests of the defendant in a substantial manner, and, this being true, the extent of the damage was immaterial. The law of the case, therefore, upon these two questions must be regarded as settled.

The testimony in the present case tended to establish that plaintiff, upon his first trip, violated the instructions of his principal in selling goods and allowing thereon a greater rate of discount than he was authorized to allow. The evidence also authorizes the conclusion that the expenses of his sales amounted to 11 per cent., which was 3 per cent. higher than that for which the contract provided. Upon plaintiff's return from his first trip these matters were the subject of discussion, and disposition was then evinced on the part of the defendant to discharge the plaintiff from his employ. The plaintiff, however, requested another trial, and, after a full consultation upon the matters in difference, the defendant continued him in his employ, and he was sent out upon the road upon another trip. The second trip, the evidence tends to establish, was more disastrous than the first, as his expenses increased from 11 per cent. to 13 per cent. Some evidence was also given tending to show that he had again violated instructions by selling at a greater rate of discount on sales than he was authorized to do. The defendant's testimony also tends to establish that upon his return from this trip he was discharged, and paid the salary due him under the contract, and that thereupon he borrowed from the defendant $50, which has never been repaid to the defendant, and the balance of which he now seeks to recover by this action. The court, in submitting the case to the jury, among other things, charged:

"That if the expenses of sale exceeded 8 per cent., the defendant had the right to discharge the plaintiff at any time upon making discovery of such fact; and, further, that if plaintiff knowingly violated the orders which he had received from defendant, even if the violation was a 'little one,' and the plaintiff persisted therein, it furnished basis for his discharge."

Upon the first branch of the charge the court was clearly correct, as he was also upon the second branch, assuming, from all that was said, that the court's language conveyed to the jury the idea that the violation, although small, injuriously affected a substantial right. It is to be observed, however, that the second branch of the charge submitted in unqualified terms that a violation of orders would constitute a ground of discharge. It is quite evident that, so far as there was a violation of orders by the plaintiff upon the first trip, such violation was condoned by the defendant, for, after a full consideration, and upon knowledge of all the facts, he continued the plaintiff in his employ. There is some evidence in the case tending to establish that he violated his instructions upon the second trip, but the testimony in this regard is quite general, and, when specifications were asked, the defendant was not able to, or at least did not, give any, except those which occurred upon the first trip. As bearing upon this question, the court was asked to charge the

jury that, if they found that the disobedience on the part of the plaintiff was warrant for his discharge at the end of his first trip, the jury might find that by giving the plaintiff a second trial, and continuing him in his employment, such offense was condoned, and was no ground for his subsequent discharge. The court declined to charge otherwise than it already had charged, to which counsel replied, "I think you have not touched the point of condonation." The court replied, "If I have not, it is because I did not intend to." To this refusal an exception was taken. We think that this ruling presents reversible error. The plaintiff was entitled to have the jury instructed substantially as requested. Undoubtedly, if the offense was committed upon the second trip, it might be held to revive the offense committed upon the first trip, which it is clear was condoned; and, if no other offense was committed in this regard, it is equally clear that, the first being condoned, and no second one committed, the violation of duty could not be made the basis for a discharge. The evidence clearly authorized the jury to take this view of the case upon this question, and find therefrom that no offense was committed upon the second trip. The charge as made did not cover this point, and it must be assumed from the language of the court that it did not regard it as applicable to any facts which the case disclosed. The testimony upon the part of the plaintiff tended to show that he was not discharged for the reasons which the defendant assigned, and that there existed no basis, in fact, to warrant it.

It is not needful that any other questions be discussed, as we do not find any error in the rulings of the court, either in the admission of testimony, the charge as made, the requests to charge, or the refusals, otherwise than as we have herein specified. The testimony which was admitted of conversations after the execution of the contract presents no error. It was admissible as tending to clear up an ambiguity relating to the provision as to the maximum expenses to be incurred in making sales. It did not tend to contradict the terms of the written contract, but was explanatory of it, and was, therefore, proper.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event. All concur.