### PRICE v. PRESS PUB. CO.

(Supreme Court, Appellate Division, Second Department. March 15, 1907.)

1. CONTRACTS—CONSIDERATION—PRE-EXISTING LIABILITY.

A contract of hiring provided that the servant should be paid not less than a certain sum the first year, not less than a certain greater sum the second year, etc.; and, on the request of the servant to be released from the contract, the master told him that he would lose nothing by staying, as a bonus would be given him at the end of the service. *Held*, that the agreement to pay a bonus was without consideration, and the bonus not recoverable; a contention that the contract was of doubtful meaning as to the amount of salaries to be paid, and that hence there was a consideration, being without merit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 240.]

2. FRAUDS, STATUTE OF—AGREEMENT NOT TO BE PERFORMED WITHIN A YEAR.

As the payment of the bonus was not to be made within a year, the agreement was within the statute of frauds, though the servant performed under the same.

Appeal from Trial Term, Kings County.

Action by Henry A. Price against the Press Publishing Company. Appeal by plaintiff from a judgment dismissing the complaint. Affirmed.

The state of the evidence was as follows:

By a written contract dated October 20th, 1902, between the defendant and B., the plaintiff's assignor, the latter bound himself to work for the defendant on its newspaper as a journalist for three years from that date "in whatever position he may be assigned from time to time" by the defendant, giving "his entire time, ability, energy and professional skill"; and the defendant employed him for that period, and agreed to pay. him "not less than" $9,000 the first year, $10,000 the second, and $11,000 the third.

B. was the only witness called.. He testified that he informed the president of the defendant in June, 1904, that he had entered into a contract to go into the service of another newspaper at the end of his service with the defendant, that he intended to stay out his contract with the defendant, that he would not break it, but asked him to release him from it, as it would be a loss of $10,000 to him to carry it out; that the said president told him (in substance) he would lose nothing by staying, that a bonus of $10,000 would be given him by the defendant at the end of his service.

B. served out his time, and this action is to recover the said $10,000.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

Martin W. Littleton, for appellant.

John M. Bowers (Manfred W. Enrich, on the brief), for respondent.

GAYNOR, J. This judgment should be affirmed. There was no consideration for the agreement to pay the additional $10,000 at the expiration of the term of service, the promisee being already bound by the written contract to serve for the time and the yearly salaries therein fixed. Tolhurst v. Powers, 133 N. Y. 460, 31 N. E. 326; Arend v. Smith, 151 N. Y. 502, 45 N. E. 872.

There is no room for the claim that the doubtful meaning of the contract (if it were doubtful) in respect of the amount of the salaries to be paid ("not less than," being the phrase) furnished a consideration for the new agreement as a settlement of a dispute. It suffices that

it was made on no such basis. On the contrary, the employé claimed no right to an increase of salary, and assured the defendant's president in advance that he did not intend to quit service under the contract. To keep him from quitting unless his salary were raised was therefore not the consideration for the new agreement.

The new agreement being oral was also void under the statute of frauds, for that it was not by its terms to be performed within one year from the making thereof. It was made in June, 1904, and was not to be performed until October 20th, 1905. If it could be said that the employé performed under it, it would be void just the same. If he would have any right of action it would not be on the void agreement, but on a quantum meruit. Erben v. Lorillard, 19 N. Y. 299. The statute of frauds creates a rule of evidence, and he could not prove the new agreement at all for lack of writings. Cases where the contract was carried out by both sides, like Kramer v. Kramer, 90 App. Div. 176, 86 N. Y. Supp. 129, have no application here.

That the terms of the written contract are that the plaintiff's assignor was to be paid "not less than" the salaries specified in such contract, presents no different case. Those were the salaries to be paid unless the parties agreed upon larger ones, and such new agreement would still have to be a valid one under the statute of frauds.

The judgment should be affirmed.

Judgment unanimously affirmed, with costs. All concur.