ROSBACH v. SACKETT & WILHELMS CO.

(Supreme Court, Appellate Division, Second Department.   October 8, 1909.)

1. MASTER AND SERVANT (§ 3*)—CONTRACT OF EMPLOYMENT.
    A contract of employment, providing that the servant should be paid a weekly salary of not less than $45 for three years, was sufficiently definite as to compensation; it giving the servant the right to receive $45 a week and requiring the master to pay it.
    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 3.*]

2. MASTER AND SERVANT (§ 39*) — ACTION FOR SERVICES — EVIDENCE—INCOMPETENCY.
    In an action by a servant on a contract of employment, the master could not give evidence of specific instances of the servant's incompetency, unless pleaded.
    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 39.*]

3. MASTER AND SERVANT (§ 30*)—DISCHARGE OF SERVANT—WAIVER OF RIGHT.
    That the master kept a servant in its employ four or five weeks after he had done defective work would not as matter of law establish a waiver of the right to discharge him because of the defective work.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 32–36; Dec. Dig. § 30.*]
    Hirschberg, P. J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Action by William J. Rosbach against the Sackett & Wilhelms Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

Louis Dean Speir (Eli J. Blair, on the brief), for appellant.

James S. Lehmaier (William W. Pellet, on the brief), for respondent.

JENKS, J. The plaintiff recovered a judgment for breach of contract, and this appeal from the judgment is brought up upon the defendant's exceptions.

When the plaintiff offered in evidence the written contract between the parties, it was objected to as incompetent and not binding, because it was void for indefiniteness, and, if admissible, only to establish a technical breach, that could not support substantial damages. The court thereupon ruled, under exception, that the contract was competent and that substantial damages could be proved under it. This contract witnessed that the defendant—

"hereby employs the said Rosbach in its lithographic department as crayon artist for a term of three years from the date hereof, at a weekly salary of not less than forty-five dollars per week, payable to him at the end of each and every week during said term. And the said Rosbach hereby agrees to enter the employ of said company as such crayon artist at said salary payable as above for and during said term, and to be employed and perform his duties as such crayon artist for eight hours and forty minutes each day except Saturday, on which day he shall work four hours and ten minutes. And it is agreed that if said company shall require said Rosbach and he shall work overtime, or extra hours, such extra time or over hours on days other than Sundays and holidays shall be paid for in addition to said weekly salary, as above, at the rate of 'time and one-half' and on Sundays and holidays as 'double time.' It is further agreed that said Rosbach shall conform to the shop rules which are now in force in the shop and factory of said company, which are attached hereto and made part of this contract. It is further agreed that, should said Rosbach willfully absent himself from his said work and employment by reason of sickness or otherwise, the time of such absence from his said employment shall be deducted from his salary then about to be due, at the rate of his salary at such time."

The defendant cites several cases to sustain its contention. In United Press v. New York Press Co., 164 N. Y. 406, 58 N. E. 527, 53 L. R. A. 288, the defendant had agreed to pay to the plaintiff a sum not exceeding $300 during each and every week, and the plaintiff had recovered damages for breach of the contract upon the basis of $300 per week. The court held, as the contract contained the limit which must not be exceeded, there was "no rate of compensation, nor price fixed, at which the defendant was bound to take and pay for the news report, and the element of mutuality, in that respect, was wanting." The decision went upon the proposition that the contract was silent as to the price which was to be paid, and added:

"As the parties had omitted to make the price a subject of covenant, in the nature of things, it would have to be the subject of future agreement, or stipulation, and, to use the language of the opinion in Buckmaster v. Consumers' Ice Co., 5 Daly, 313, if the price each week was to be by future agreement,

the contract was not legally binding on either party, as neither could be compelled to agree with the other."

In Petze v. Morse Dry Dock & Repair Co., 125 App. Div. 267, 109 N. Y. Supp. 328, very recently affirmed by the Court of Appeals (89 N. E. ——), we held that the contract was incomplete because a part of the compensation, which was indivisible, was by the express terms of the contract made the subject of further agreement, and that the plaintiff could not recover on an incomplete contract on the theory that some of its terms had been agreed upon. In Mackintosh v. Thompson, 58 App. Div. 25, 69 N. Y. Supp. 1139, the action was to recover compensation above a stated salary, which rested upon the statement of the employer, "You can rely upon me; I will see that it is all right," and the court held that such "vague and indefinite" statement did not make a binding contract. On the second appeal (101 App. Div. 494, 92 N. Y. Supp. 132) the court said:

"The only distinction between what the plaintiff testified to in the former action and his testimony upon this trial is that he now says that the defendants promised that the increase would be satisfactory to the plaintiff; that when the plaintiff asked Kimball how this was to be arranged, so as to be satisfactory to him, Kimball said, 'You can depend upon me; I will see that you get a satisfactory amount,' and that the plaintiff said that that was all right; that he would stay on and see the work through."

Bluemner v. Garvin, 120 App. Div. 29, 104 N. Y. Supp. 1009, does not apply, for the court said:

"There is nothing in the contract which fixes the amount of the commissions to be divided, nor is there anything in its terms to define what would be a fair division of those commissions. Nor is it provided whether the commissions to be fairly divided should be the gross or the net commissions as profits after deducting therefrom the necessary expenses."

All of the other cases cited are only as to the rule that a contract should be definite. This case shows a contract without express contemplation of any further agreement, specific and complete, unless the expression "weekly salary of not less than $45 per week" makes it indefinite. I think that the expression "not less than $45 per week" is sufficient to sustain a contention resting upon the proposition that the salary was fixed at $45 a week. There is a substantial difference between an agreement to pay some sum not to exceed $300 and a sum which shall be not less than $45; for the maximum of $300 leaves the sum indefinite from $1 to $300, and not agreed upon, while the limitation of not less than $45 gives the obligee the right to receive that sum and requires the obligor to pay it. We practically passed upon this in Price v. Press Publishing Co., 117 App. Div. 854, 103 N. Y. Supp. 296. Examination of the printed points of counsel in that case shows that they invoked the rule of United Press v. N. Y. Press Co., supra.

In Buckmaster v. Consumers' Ice Co., 5 Daly, 313, quoted in United Press v. N. Y. Press Co., supra, it is significant that the court in the course of its opinion said:

"It was declared that it was to be delivered at a price that was to afford the company a net profit not to exceed one dollar per ton. Such designated profit was not 'one dollar,' nor 'not less than one dollar per ton,' but was to be anywhere from nothing to one dollar in the extreme. How any intermediate

amount of profit could be fixed, otherwise than by future agreement, it is impossible to conjecture, and, if it was to be by future agreement, the contract was not legally binding on either party, as neither could be compelled to agree with the other."

The defendant also excepted to the ruling of the court that it would not allow the defendant to give specific instances of incompetency of the plaintiff unless pleaded. The ruling was right. Linton v. Unexcelled Fire Works Co., 124 N. Y. 533, 27 N. E. 406. But the record shows:

"The plaintiff moved for a direction of a verdict. The defendant had previously offered what it claimed to be proof of bad work alleged in the answer.

"The Court: I would like to know first how long they kept him after he did this work.

"The plaintiff was then recalled, and testified that defendant kept him in its employ, four or five weeks after the alleged defective work, proof of which was offered at the trial, was completed.

"The Court: The fact that the defendant retained plaintiff in its employ four or five weeks after the completion of this alleged defective work was a waiver of the right to discharge him because this work was defective. There was no evidence warranting a finding that plaintiff was incompetent or that he had done defective work."

This was not an absolute waiver as matter of law (Gray v. Shepard, 147 N. Y. 177, 41 N. E. 500; Jerome v. Queen City Cycle Co., 163 N. Y. 351, 57 N. E. 485; Dunkell v. Simons (Com. Pl.) 7 N. Y. Supp. 655), so that the defendant was precluded from explaining delay that otherwise might be sufficient to establish a waiver.

Judgment is reversed, and a new trial is granted; costs to abide the event.

GAYNOR, RICH, and MILLER, JJ., concur.

HIRSCHBERG, P. J., dissents, on the ground that the defendant was not precluded on the trial from offering proof to excuse the plaintiff's retention after the defective work, but in fact made no attempt to offer such proof.