(80 Misc. Rep. 153.)

### RAFALO et al. v. EDELSTEIN et al.

(Supreme Court, Appellate Term, First Department. March 11, 1913.)

1. MASTER AND SERVANT (§ 30*)—CONTRACT OF EMPLOYMENT—RIGHTS OF EMPLOYER. .

A contract of employment of a husband and wife to act, play, and sing at the employer's theater gives the employer the right to require the wife to act the part of a mother in a play to be presented at the theater, and her refusal so to do is disobedience, justifying her discharge.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 30–36; Dec. Dig. § 30.*]

2. MASTER AND SERVANT (§ 43*)—CONTRACT OF EMPLOYMENT—RIGHT OF DISCHARGE—WAIVER.

That an employer continues an employé in his employ after cause for discharge exists does not as a matter of law waive thereby the right to discharge the employé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. § 43.*]

3. MASTER AND SERVANT (§ 43*)—CONTRACT OF EMPLOYMENT—RIGHT OF DISCHARGE—WAIVER—QUESTION FOR JURY.

Where an employer did not discharge an employé,·employed to act in the employer's theater, on her refusal to act a part in a play, but endeavored to persuade her to take the part, and asked her to reconsider her refusal, the employer did not thereby as a matter of law waive his right to discharge her; but the question whether the employé's breach was condoned by the employer was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. § 43.*]

Bijur, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Clara Rafalo and another against Joseph Edelstein and another. From a judgment of the City Court of the City of New York for plaintiffs, defendants appeal. Reversed, and new trial ordered.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Joseph Sapinsky, of New York City (Alvin T. Sapinsky, of New York City, of counsel), for appellants.

Abraham H. Sarasohn, of New York City, for respondents.

SEABURY, J. This is an action to recover damages for the alleged breach of a written contract of employment. The plaintiffs are husband and wife, and were employed by the defendants to act, play, and sing at the defendants' theater. The facts as found by the jury are as follows:

The defendants instructed the plaintiff Rafalo to play the part of the wife in the play called "Ikely Mazek." The plaintiff Rafalo refused to comply with this request, on the ground that it would require her to play a "mother's" part, and that she was "artistically unfit" to perform a part of this character, as she was accustomed to perform only "prima donna parts." Upon this refusal one of the defendants told her:

"You will have to play that part, or your contract is broken."

Upon being confronted with this alternative, the plaintiff testified that she "commenced to cry," and the defendant left the office. In a short time the defendant returned and said:

"Listen to me. You think the matter over and consider it, and do me a favor and play the part."

This interview the plaintiff claims occurred on Sunday, December 10th. On Sunday evening she telephoned to defendant that she had decided to accommodate him and play the part. The defendant told her to come to his office at noon on the following day. On the following day she came to the defendant's office, and the defendant said:

"You have broken your contract, and you are discharged."

[1] The learned court below charged the jury as a matter of law that if, before the defendant discharged the plaintiff, the latter reconsidered her refusal to play the part assigned to her, there was no justification for her discharge by the defendants. There is no doubt, under the contract under which the plaintiff was employed, that the defendants had the right to require her to play the part which they assigned to her.

[2, 3] Nor is there any doubt that her refusal to comply with this request was an act of disobedience which would have justified her discharge. It is claimed, however, on behalf of the respondent, that the fact that the defendant asked the plaintiff to reconsider her refusal, and that she did reconsider, and offered to comply with the defendant's request before she was discharged, was, as a matter of law, a waiver of the right to discharge her, and a condonation of her breach of contract. We do not think that this is the correct rule. The fact that, instead of discharging the plaintiff immediately upon her refusal to comply with their order, the defendants endeavored to persuade her to do so, and asked her to reconsider her refusal, did

not, as a matter of law, constitute a waiver of the right to discharge her. The fact that an employer continues an employé in his employ after cause for discharge exists is not, as a matter of law, a waiver of the right to discharge him. Gray v. Shepard, 147 N. Y. 177, 183, 41 N. E. 500; Jerome v. Queen City Cycle Co., 163 N. Y. 351, 57 N. E. 485; Rosbach v. Sackett & Wilhelms, 134 App. Div. 130, 118 N. Y. Supp. 846; Huntington v. Claflin, 10 Bosw. 262.

Whether the plaintiff's breach of contract was condoned by the defendants was a question of fact for the jury to determine under all the circumstances of the case. It was therefore error for the court below to predicate condonation as a matter of law upon the fact that the defendant urged the plaintiff to reconsider her refusal to obey a lawful order given to her. In Wood on Master and Servant, § 123, it is said:

"The question as to whether the master has waived a breach of contract by the servant, by retaining him in service after knowledge of such breach, is a question of fact for the jury."

In Dunkell v. Simons, 7 N. Y. Supp. 655, Van Hoesen, J., writing for the General Term of the Court of Common Pleas, said:

"It is for the jury, and not for the court, to determine whether or not the defendant had pardoned and condoned the offense of drunkenness; and the court should tell the jury that it did not follow that the offense was condoned because the employer did not discharge the clerk on the spot, that there must be evidence of condonation, and that the circumstances must show that the employer had forgiven the clerk, and that the delay of the employer in discharging him was owing to forgiveness of the delinquency, and not for any other good reason."

In Rosbach v. Sackett & Wilhelms Co., supra, it was held that the fact that the master continued to employ a servant for four or five weeks after he finished certain defective work was not, as a matter of law, a waiver of the right to discharge him.

As the charge of the learned court below withdrew the issue of condonation from the jury, there must be a new trial.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event.

GERARD, J., concurs.

BIJUR, J. I dissent. The main point raised on this appeal is that the learned trial judge charged the jury as follows:

"If the proof in the case satisfies you that, prior to the time she was notified that she had been discharged, these defendants were assuring her that she might reconsider her determination not to play the particular part assigned to her, she would then be justified up to that time in refusing to take up the part. When the direction became imperative that she should assume the part, and if, before they had discharged her, she had agreed to assume it, even if it were distasteful to her, there would not be justification after that time for a discharge."

It is urged by appellants, and I think correctly, that this amounted to a charge that if, upon plaintiff Rafalo's refusal to play the particular part, she was asked to reconsider her refusal, and thereupon agreed to play the part before she was discharged, the discharge was,

as a matter of law, unjustifiable. The appellants' contention is that the question whether the opportunity offered by appellants to plaintiff Rafalo to reconsider her refusal constituted a waiver was a question of fact for the jury, and not one of law to be determined by the court.

Appellants cite a number of cases which, they claim, hold that the retention of an employé after the commission of an offense is not a condonation as a matter of law, but raises a question of fact for the consideration of the jury. It is true that, as cited in the opinion of Mr. Justice Seabury, the rule is so expressed in Dunkell v. Simons, (Com. Pl.) 7 N. Y. Supp. 655; but that case cites no authority for its decision, nor has it ever been cited. The same principle is expressed in Rosbach v. Sackett & Wilhelms Co., 134 App. Div. 130, 118 N. Y. Supp. 846. In that case it was held error for the court to have charged:

"The fact that the defendant retained plaintiff in its employ four or five weeks after the completion of this alleged defective work was a waiver of the right to discharge him because this work was defective."

The learned court says:

"This was not an absolute waiver, as a matter of law (Gray v. Shepard, 147 N. Y. 177, 41 N. E. 500; Jerome v. Queen City Cycle Co., 163 N. Y. 351, 57 N. E. 485; Dunkell v. Simons [Com. Pl.] 7 N. Y. Supp. 655), so that the defendant was precluded from explaining delay that otherwise might be sufficient to establish a waiver."

As to the point thus decided, it is significant that, in a dissenting memorandum, Hirschberg, P. J., points out that the defendant in that case was not precluded from offering proof to excuse or explain the plaintiff's retention after the defective work, and in fact made no attempt to offer such proof. This dissent intimates what I regard as the correct rule, namely, that if the employer explains the continuance in employment after breach by the employé, the question whether such continuance constitutes a waiver or condonation becomes one for the jury, but, if unexplained, it must, as matter of law, be taken as such condonation. Strange to say, the two cases in the Court of Appeals, cited in the Rosbach Case as authority for the rule there enunciated, do not sustain the proposition, but, on the contrary, by plain inference intimate the opposite rule. Thus, in the leading case of Gray v. Shepard, 147 N. Y. 177, 41 N. E. 500, the law is laid down in these significant words:

"The master may overlook breaches of duty in the servant, hoping for reformation; but if he is disappointed, and the servant *continues his course of unfaithfulness*, he may act, in view of his whole course of conduct, in determining whether the contract of employment should be terminated."

In the Jerome Case, 163 N. Y. 351, 359, 57 N. E. 485, 487, the court says:

"The master, by retaining him after knowledge of these breaches of duty, did not prevent their use as grounds of discharge, *when the offense was repeated*"

—citing Gray v. Shepard, the very case from which the brief of appellants' counsel quotes a half page.

Sabin v. Kendrick, 58 App. Div. 108, 110, 68 N. Y. Supp. 546, 547, expresses the principle as contrary to that which appellants claim thus:

"It is quite evident that, so far as there was a violation of orders by the plaintiff upon the first trip, *such violation was condoned by the defendant;* for after a full consideration, and upon knowledge of all the facts, *he continued the plaintiff in his employ.* * * * Undoubtedly, if the offense was committed upon the first trip, *which itself clearly was condoned,* and if no other offense was committed in this regard, it is equally clear that, the first being condoned and no second one committed, the violation of duty could not be made the basis for a discharge."

It seems to me, however, that in the case at bar we may go still further. It is not so much a question whether a breach of the contract by the plaintiff Rafalo was condoned by her retention in defendants' employ, but rather, taking the testimony of the plaintiff Rafalo, which manifestly was believed by the jury, as stating the true facts, it may well be said that there never was an actionable refusal. It is true that in the first instance, when one of the defendants asked plaintiff Rafalo to play a particular part, she protested that it would hurt her standing in the profession, and declined to take it; but in a continuance of the same conversation the same defendant said:

"Listen to me. You think the matter over and consider it, and do me a favor and play the part."

And thereupon, as is conceded, plaintiff did reconsider her refusal and agreed to play the part. At the most, then, there was a preliminary refusal by plaintiff Rafalo, which defendants refused to accept, and the interview, considered as a whole, amounted to nothing more than a request to plaintiff Rafalo to play this particular rôle, notwithstanding her reluctance. It would, no doubt, have been proper for the court to have instructed the jury that the plaintiff Rafalo must have announced her reconsideration and acceptance within a reasonable time; but no request to that effect was made, and the point cannot now, therefore, be raised. Moreover, plaintiff Rafalo informed defendant of her acceptance within less than 12 hours thereafter. I cannot, therefore, find any error in the charge of the learned court below in this respect to warrant a reversal of the judgment.

Two other points raised by the appellants remain to be considered. It is claimed that it was error on the part of the learned trial judge to admit into evidence a letter written by defendants to plaintiff's husband, just prior to the signing of the contract involved in this case, in which they said:

"You understand very well we do not engage your wife for mother parts, or soubrette parts."

The admission of this letter into evidence was objected to, on the ground that it was merged in the written contract, as also that it tended to vary the terms of a written contract. The contract required the plaintiffs "to perform such rôles as may be allotted to them, or either of them," by the defendants. I do not think that this letter was admissible under any accepted rule of evidence. See Kennedy v. Porter, 109 N. Y. 526, 544, 17 N. E. 426; Petrie v. Trustee, etc., 158 N. Y. 458, at 464, 53 N. E. 216; Lossing v. Cushman, 195 N. Y. 386, 88 N. E. 649.

It is plain that the contention that the part which plaintiff Rafalo refused to play was inappropriate to her was substantially abandoned during the trial, and that defendants' proof to that effect was uncontradicted. This is substantially conceded in appellants' brief. Indeed, the learned court below charged:

"If she were discharged prior to an acceptance by her *of this part*, which was duly assigned to her by these defendants, then she cannot recover, even though there was a continuance of employment provided for in the contract, because it was a justifiable act on the part of the defendants in dismissing her from their employ for the failure to perform the part in the play which was assigned."

Appellants claim, however, that the question raised by this letter "was uppermost in the mind of at least one juror," as evidenced by a colloquy between him and one of the defendants while on the stand. A reference, however, to the record, shows that the colloquy referred to occurred at folio 178, while the letter was not admitted into evidence until folio 190.

Finally, appellants claim that error was committed by the trial judge in excluding a letter by one Glickman, a manager in Chicago, offering plaintiffs employment in Chicago. There is no doubt that plaintiffs were bound to endeavor to minimize the damage after their discharge by seeking employment of the same general nature elsewhere. The burden, however, of proving that such employment could have been found by reasonable endeavor, or was offered and refused, lay upon the defendants. Howard v. Daly, 61 N. Y. 371, 377, 19 Am. Rep. 285; Allen v. Glen Creamery Co., 101 App. Div. 306, 91 N. Y. Supp. 935; Milage v. Woodward, 186 N. Y. 252, 257, 258, 78 N. E. 873. The burden thus resting upon the defendants, however, is not to be sustained by merely offering in evidence a letter from the alleged proposed employer, without any offer to show that the employment was of the same general character, or that the proposed employer was responsible. Moreover, as to this point, also, it must, I think, in justice to the plaintiffs, be said that no serious effort was made by defendants to substantiate their contention that plaintiffs declined appropriate employment, and, in view of the whole record, this point cannot, in my opinion, be held available to justify a reversal.

I believe, therefore, that the judgment should be affirmed.