ROSE v. SCHINASI. (No. 7371.)

(Supreme Court, Appellate Division, First Department. June 4, 1915.)

1. INSURANCE ☞84—BROKERS—REIMBURSEMENT FOR ADVANCES—LIEN ON POLICY—WAIVER.

Where an insurance broker delivered to the mortgagee policies of fire insurance covering the mortgaged premises and payable to the mortgagee, without having been reimbursed for premiums paid by him on the insured's behalf, he waived his right to any lien on the policies therefor.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 111–114; Dec. Dig. ☞84.]

2. INSURANCE ☞84—BROKERS—REIMBURSEMENT FOR ADVANCES—LIEN ON POLICIES—REVIVOR.

That such broker, subsequent to a loss, secured a return of the policies, that he might have the loss adjusted, did not revive his lien, if any, on the policies, or give him a right to retain, in lieu of the premiums advanced, money collected by him on the policies.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 111–114; Dec. Dig. ☞84.]

Submission of controversy between Morris Rose and Solomon Schinasi on agreed statement of facts. Judgment for defendant.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Alexander Rosenthal, of New York City, for plaintiff.

Frederick L. Guggenheimer, of New York City, for defendant.

HOTCHKISS, J. Plaintiff was an insurance broker, and at the request of one Sullivan procured 15 policies of fire insurance on premises owned by Sullivan, loss, if any, payable to this defendant, who held a mortgage on the premises for $200,000. Plaintiff delivered the original policies to the defendant, and the duplicates to Sullivan or his agents. Of the total premiums paid for the policies, plaintiff himself paid $981.57. On May 20, 1914, the insured premises were injured by fire, and at plaintiff's request defendant delivered the policies to plaintiff "for the purpose of having the said fire loss * * * adjusted by the plaintiff in accordance with his duties as such broker." Plaintiff collected $70 in settlement of the loss, which sum he still retains. Thereafter defendant requested a return of the policies to him, which request plaintiff refused, claiming a lien thereon, and also on the said $70, in consequence of the moneys he had advanced for premiums, and also claiming that he has the right to surrender the policies to the insurers and collect and retain the unearned premiums on account of his lien. The question submitted is whether plaintiff has any such right, or whether defendant is entitled to a return of the policies.

[1, 2] Whatever lien plaintiff may have originally had was lost when he delivered the policies to the defendant. Defendant's insurable interest in the mortgaged premises gave him an interest in the policies wholly distinct from that of Sullivan, plaintiff's employer, and when plaintiff became repossessed of the policies such possession not only came to him from defendant, who stood in the light of a stranger to Sullivan, but as well came for a single and specific purpose, namely, to collect the loss. Under these circumstances any lien plaintiff may originally have had was not revived. Sharp v. Whipple, 1 Bosw. (N. Y.) 557. See, also, Tolhurst v. Powers, 133 N. Y. 460, 31 N. E. 326, and Spring v. S. C. Ins. Co., 8 Wheat. 268, 5 L. Ed. 614.

There should be judgment for the defendant, but, as provided by the submission, without costs. All concur.