■ MYRON LEIBU, Appellant, v TRI-START ELECTRONICS, INC., et al., Respondents. [810 NYS2d 503]—

In an action, inter alia, to recover damages for breach of an employment contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated May 10, 2004, as denied his motion for summary judgment on the first, second, and third causes of action and granted those branches of the defendants' cross mo-

tion pursuant to CPLR 3211 (a) (7) which were to dismiss the first, second, and third causes of action insofar as asserted against the defendants Philip Giarraputo, estate of Philip Giarraputo, and Helena Giarraputo, to dismiss the fourth cause of action insofar as asserted against the defendants Philip Giarraputo, estate of Philip Giarraputo, Lorraine Mankiewich, and Helena Giarraputo, and to dismiss the sixth cause of action insofar as asserted against the defendants Tri-Start Electronics, Inc., Philip Giarraputo, estate of Philip Giarraputo, and Helena Giarraputo.

Ordered that the order is affirmed insofar as appealed from, with costs.

While the admissible evidence was sufficient to permit an inference that the defendants waived their right to terminate the plaintiff's written employment contract (*see Fahey v Kennedy,* 230 App Div 156 [1930]; *Kemelhor v Penthouse Intl., Ltd.,* 689 F Supp 205 [1988], *affd* 873 F2d 1435 [1989]; *cf.* CPLR 4519), the fact that the defendants continued to employ the plaintiff after cause for discharge arose, did not, as a matter of law, constitute a waiver of the right to discharge him (*see Jerome v Queen City Cycle Co.,* 163 NY 351 [1900]; *Gray v Shepard,* 147 NY 177, 183 [1895]; *Rosbach v Sackett & Wilhelms Co.,* 134 App Div 130 [1909]; Restatement [Second] of Agency § 409 [2]). Under the circumstances of this case, including credible evidence that the defendants reduced the plaintiff's salary due to his alleged misconduct one year before his termination, the Supreme Court properly denied the plaintiff's motion for summary judgment on the first, second, and third causes of action to recover damages for breach of contract (*see Bravin v Fashion Week,* 75 Misc 2d 753, 754 [1973]; *see also Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184 [1982]; *Town of Hempstead v Incorporated Vil. of Freeport,* 15 AD3d 567, 569 [2005], *lv denied* 5 NY3d 711 [2005]; *Shickler v Shickler,* 97 AD2d 461 [1983]; *Bigda v Fischbach Corp.,* 898 F Supp 1004, 1013 [1995], *affd* 101 F3d 108 [1996]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Lifson, JJ., concur.