CATHERINE CARLTON *vs.* ABRAHAM JACKSON & others.

Middlesex. January 11. — 31, 1877. COLT & AMES, JJ., absent.

A. agreed to purchase certain land for the plaintiff, and to convey it to her, upon payment by her of all that he should expend therefor, with interest. The land was sold by auction and bid off by B., a relative of the plaintiff, and a deed was made to him, reciting that it was subject to two mortgages, and containing this clause : "Both said mortgages the grantee is to assume and pay, the same being a part of the above named consideration." B. made and executed a deed of release and quitclaim to A., without covenants, and not mentioning any incumbrances. Both deeds were delivered at the same time, and A. paid the whole of the purchase money to the grantor beyond the amounts due on the two mortgages. A. paid the second mortgage, and it was discharged, and also paid after maturity the amount

due on the first mortgage and took an assignment thereof from the mortgagee. Subsequently A. assigned this mortgage to C. *Held*, on a bill in equity for the conveyance of the land, that the two deeds were to be taken together as parts of one transaction, and that A. was bound to pay the mortgages; that the payment by A. of the amount of the first mortgage was a release, though in form an assignment; and that the subsequent assignment to C. was invalid as against the plaintiff.

BILL IN EQUITY against Abraham Jackson, the assignees in bankruptcy of Jackson, and the Franklin Insurance Company, for the conveyance of land in Cambridge. Hearing before *Devens*, J., who reported the case for the consideration of the full court, in substance as follows:

Catherine and Sarah Ann McCaffrey, being seised of the land in question, mortgaged the same to the North End Savings Bank on November 4, 1870, to secure the payment of $2700 in three years from that date, with interest, payable semi-annually, at the rate of seven per cent. per annum, and afterwards mortgaged the same to Oliver Hastings to secure the payment of $500 and interest. Afterwards they proposed to sell the land by public auction, and the plaintiff, desiring to become the purchaser, and having no means except a mortgage for $1000, due to her from the defendant Jackson, sought his advice in the matter, the result of which was that he agreed to purchase the estate and convey it to the plaintiff, on payment by her of all that he should expend on account of the estate, with interest. Accordingly, at the auction sale, which was on or about June 4, 1872, the land was bid off by James McCaffrey, a son in law of the plaintiff, for the sum of $4950, and Catherine and Sarah conveyed the same to him by common warranty deed, dated June 4, 1872, subject to the two mortgages, the deed containing the following clause : " Both said mortgages the grantee is to assume and pay, the same being a part of the above-named consideration." James McCaffrey conveyed the same to Jackson by deed of release and quitclaim, without covenants, and not mentioning any incumbrance, bearing date July 2, 1872. The deed to McCaffrey, and his deed to Jackson, were delivered at the same time, and Jackson paid the whole of the purchase money, over and above the amount of the mortgages, directly to Catherine and Sarah McCaffrey. In February, 1873, Jackson paid to Hastings the whole amount due him on his mortgage, and Hastings then dis-

charged it. The mortgage to the North End Savings Bank became payable on or about November 4, 1873, and Jackson, on December 15, 1873, paid to the Savings Bank the principal and interest then due thereon, amounting in the whole to $2851.43, and thereupon the savings bank assigned to Jackson the mortgage aforesaid and debt secured thereby, by deed bearing date December 12, 1873. At that time, Jackson owed a debt due on demand to the Franklin Insurance Company, for which the company held, besides other collateral security, a mortgage made by one Carpenter, which was originally taken under the belief that it was a first mortgage, but was in fact a second mortgage, on discovering which the company called upon Jackson for further security, and he thereupon, on December 16, 1873, by deed of that date, assigned to the company the mortgage and note to the North End Savings Bank, to be held as security for his loan. The securities held by the Franklin Insurance Company are still insufficient to secure Jackson's debt. After his purchase of the land in question, Jackson permitted the plaintiff to let the same and collect the rents, a part of which she paid over to him, taking his receipts therefor. In 1873, the plaintiff discharged the mortgage which she held against Jackson, and delivered to him the mortgage note, and he then gave her a receipt for the amount due on account of the purchase of the land. Over and above the amount paid by Jackson to the North End Savings Bank on December 15, 1873, and interest thereon, there was due from the plaintiff on account of the purchase of the land, to the assignees of said Jackson, the sum of $1327.50, and the assignees of Jackson, since they have been in possession of the real estate, have received rents thereof, amounting in the whole to $77.50.

The assignees of Jackson admitted the right of the plaintiff to a conveyance of the land in question, but contended that they should be paid the amount paid by Jackson to the North End Savings Bank, on December 15, 1873, on account of the mortgage held by the Franklin Insurance Company, upon the ground . that the mortgage was merged, and that the assignment to the Franklin Insurance Company was void.

The judge was of opinion that, as between the defendants, the Franklin Insurance Company was entitled to receive the amount of the mortgage debt and interest from the plaintiff

and that the plaintiff was not entitled to the premises, except upon payment of this debt, with the other amounts found due to the assignees, and reserved the question for the determination of the full court.

*J. Cutler*, for the assignees.

*H. C. Hutchins*, for the Franklin Insurance Company.

ENDICOTT, J.   At the time Jackson took his deed of the estate, it was subject to two mortgages.   The second mortgage to Hastings he paid, and it was discharged.   He also paid, after maturity, the amount due on the first mortgage to the savings bank, and took an assignment thereof from the bank.   The legal title under the mortgage was thus in Jackson, as well as the equitable title under his deed.   Under ordinary circumstances, a mortgage title thus obtained would be extinguished, if it appears that the title formerly held and the title acquired were coextensive and held in the same right, and no outstanding title in a third person intervened between the right held and the right acquired.   *Hunt* v. *Hunt*, 14 Pick. 374, 384.   *Loud* v. *Lane*, 8 Met. 517.   No such outstanding title is disclosed in this case, nor is there anything to show that Jackson took the assignment as additional security, for the whole title was in him.

But it is unnecessary to consider or decide the case merely on the portion of the record referred to, as we are of opinion that, upon all the facts disclosed in the report, the mortgage to the bank was extinguished by payment of the amount due thereon, although in form it appears to have been assigned to Jackson.

Before the sale of the estate by auction, the plaintiff, who desired to purchase, and had no means of doing so except a mortgage due to her from Jackson, agreed with Jackson that he should purchase and convey it to her upon payment by her of all that he should expend on account of the estate, with interest. The payment of the mortgage due from him was a part of this agreement, as it appears that she afterwards discharged it, and he gave her a receipt for the amount due, in part payment of his advances.   The estate was bid off at the auction by one James McCaffrey, a son in law of the plaintiff.   A deed was made to McCaffrey, the consideration named being $4950, subject to the two mortgages, and it contained this clause: "Both said mortgages the grantee is to assume and pay, the same being

a part of the above-named consideration." McCaffrey made and executed a deed of release and quitclaim to Jackson, without covenants, and not mentioning any incumbrances. Both deeds were delivered at the same time, and Jackson paid the whole of the purchase money to the grantors, over and above the amounts due on the two mortgages. He thereupon permitted the plaintiff to let the premises and collect the rents, a portion of which she paid over to him on account.

It is evident, from this statement of the facts, that McCaffrey bid off the property for and in behalf of Jackson, and in pursuance of the agreement previously made with the plaintiff. He paid no money, had no possession, and did no act except to bid at the auction and to execute the deed to Jackson; and his acts were confirmed by Jackson when he paid the consideration money to the grantors, after deducting the amount of the mortgages. The two deeds are to be taken together as parts of one transaction. The stipulation in the first deed, that the grantee should pay the mortgages, was therefore binding upon Jackson, and he was not relieved from his liability to pay them because the deed of McCaffrey to him contained no such provision. If Jackson had received no deed from McCaffrey, he would have still been the equitable owner of the estate bought with his money and by his direction, the title to which stood in the name of his agent or trustee; and if, in that position of the title, the stipulation in the deed for the payment of the two mortgages had been enforced against McCaffrey, Jackson would have been obliged to protect him, for he was acting as his agent. *Putnam* v. *Collamore*, 120 Mass. 454.

The form, therefore, of the deed to him cannot change the nature of the transaction. Jackson was bound to pay the mortgages, and the rule applies, that when the money is paid by one whose duty it is by contract, or otherwise, to pay the mortgage, it is a release, though in form it purports to be an assignment. *Brown* v. *Lapham*, 3 Cush. 551. *Braman* v. *Dowse*, 12 Cush. 227. The subsequent assignment of the mortgage by Jackson could give no title to the Franklin Insurance Company as against the plaintiff.

It is admitted that Jackson was acting as trustee in taking the conveyance under the agreement. The real question to be

decided is, what sum must the plaintiff pay to Jackson, or his assignees in bankruptcy, to entitle her to a conveyance of the premises. If the assignment of the mortgage is valid, then she should not be held in equity to pay the amount paid by Jackson to the savings bank; if invalid, then the sum so paid enters into the account. As the validity of the mortgage must be determined, the assignee of the mortgage was properly summoned in ; and so the rights of the assignees in bankruptcy and of the assignee of the mortgage are incidentally decided. But that does not call upon us to consider the question argued by counsel, whether Jackson and his assignees are estopped, as against the insurance company, to allege the extinguishment of the mortgage. We are to determine simply whether, as against the plaintiff, this mortgage upon her estate is outstanding. Being of opinion that it is not, the plaintiff is entitled to a conveyance of the estate, upon payment to the assignees in bankruptcy of the amount due, including the sum paid by Jackson to the savings bank. *Decree accordingly.*