RANDOLPH M. PROBSTFIELD vs. PETER CZIZEK and Wife.

November 8, 1887.

Estoppel — Assumption of Mortgage — Title under Foreclosure. — A party, who has, for a valuable consideration, assumed and agreed to pay a mortgage upon the property of another, cannot assert title acquired under the mortgage as against the person to whom he assumed the obligation to pay. He cannot thus build up a title upon his own breach of duty.

Pleading—Answer—"Equity."—Such a state of facts would constitute an "equity," which may be set up as a defence to an action of ejectment brought to recover the premises on title claimed under foreclosure of the mortgage.

Plaintiff brought this action in the district court for Clay county, to recover the possession of real estate. Upon the trial before *Stearns*, J., and a jury, evidence of the matters contained in the separate answer of the defendant Hattie Czizek was, upon plaintiff's objection, excluded, upon the ground that the matters therein pleaded were not sufficient to constitute a defence to the action. Plaintiff had a verdict, and the defendants appeal from an order refusing a new trial.

*O. Mosness*, for appellants.

*Burnham & Tillotson*, for respondent.

MITCHELL, J. The only point raised by this appeal is whether the allegations of new matter in the answer of the defendant Hattie Czizek state facts sufficient to constitute a defence. The action was brought

to recover possession of lots 7 and 8, block 88, in the city of Moorhead, of which plaintiff alleged he was the owner.

While not very artistically pleaded, yet we think that the answer, fairly construed, sufficiently alleges the following facts, viz.: That defendant was the owner of the property in dispute, and also of two other tracts, upon the whole of which there was a mortgage executed by her to one Huntington; that in consideration of a conveyance executed by her to plaintiff and one Mason of the other two tracts, worth $7,200, they agreed with her to assume and pay the entire mortgage, so that the lots in controversy should be entirely released therefrom; that the title under which plaintiff is now claiming to recover was acquired by a foreclosure of this identical mortgage by Huntington, and an assignment of the certificate of sale by him to plaintiff. There is no express allegation that plaintiff failed to pay this mortgage, but this is necessarily implied from the fact that he is now asserting title under it. We fail to see why these facts do not create an equity in favor of defendant, constituting a good defence to this action. The title which plaintiff is here asserting is founded entirely upon his own breach of the duty and obligation which he had assumed to defendant in regard to this very property. This he is estopped from doing. A person cannot build up a title upon his own default, and assert it against the party to whom he is in default. *Allison* v. *Armstrong,* 28 Minn. 276, (9 N. W. Rep. 806;) *Conner* v. *Howe,* 35 Minn. 518, (29 N. W. Rep. 314.)

It is unnecessary to consider whether the answer alleges facts that would have been sufficient as a defence against Huntington, were he the party asserting title under foreclosure of the mortgage. If it be conceded that it does not, this does not at all affect the application of the doctrine of estoppel against plaintiff. If he was bound by contract with defendant to pay this mortgage, a purchase by him of the certificate of sale would, as to her, amount to a payment of the mortgage, or a redemption from the sale, and he would not be allowed to assert title under it as against her. 1 Jones, Mortg. 864.

The fact that plaintiff and Mason were both obligated to pay the mortgage, and that the failure to do so was the default of both, does

not prevent defendant from setting up her equity as a defence to an action by plaintiff alone to recover the property. The rule invoked by counsel, that a separate debt or equity cannot be set off against a joint debt, has no application to the case.

But the main contention of plaintiff is that defendant's only remedy is by action for damages. His line of argument is substantially this: (1) An equity which may be set up as a defence must be one which, under the former practice, would have entitled the defendant to relief against the liability set up in the complaint as the basis of plaintiff's action; the test of its sufficiency being whether, had the same facts been presented by a bill in equity, that court would have granted the relief prayed for here. (2) Equity will not grant relief where there is a complete and adequate remedy at law. (3) For the breach of the agreement to pay this mortgage there is a complete and adequate remedy by an action for damages. The mere statement of this would seem to carry with it its own refutation. The law must, indeed, be lame if it must allow a party to avail himself of the consequences of his own breach of contract to recover property from a defendant who, if the contract had been performed, would have been entitled to the specific property, and then relegate the latter to an action for damages. The plaintiff's radical error is in assuming that because defendant has a remedy by action for damages, that this is adequate and complete, so as to preclude her from any other form of relief. A party has a right of action for damages for the breach of any contract, but the equitable jurisdiction to compel specific performance is largely founded upon the fact that the remedy is often neither adequate nor complete, so as to give him the redress which his situation requires, or to put him in a position as beneficial to him as if the contract had been performed. Therefore the court, by compelling performance, will give him the specific thing to which he was entitled under the contract. We have no doubt that upon the facts stated in this answer, if set up in a complaint in an action to determine adverse claims or to quiet title, a court would grant relief. Neither have we any doubt that, upon the same facts stated in a bill, a court of chancery, under the old practice, would have enjoined the

action in ejectment. Under the Code the same result is effected by setting up the equity by way of defence.

Order reversed.