W. H. MILLER *vs.* GEORGE FASLER.

January 17, 1890.

**Conveyance of One of Three Mortgaged Lots—Effect of Assumption of Entire Mortgage by Grantee.** — F., the owner of three several blocks of land which were incumbered by mortgage, conveyed one block to S., subject to the payment of the whole mortgage debt, which by the terms of the deed was assumed by the grantee, who also subsequently executed a second mortgage upon the block so conveyed. *Held,* that the effect of the stipulation in the deed was to charge the block in question with the payment of such prior mortgage, and the second mortgagee and his assigns are affected with notice of such charge or incumbrance upon the land mortgaged to them, and are bound by it; and they can acquire no title to the other blocks, under a redemption of the first mortgage from a sale upon foreclosure, which equity will permit them to assert against the first-named grantor, F.

Appeal by plaintiff from a judgment of the district court for Hennepin county, where the action was tried by *Hicks,* J.

*Edward A. Sumner* and *Marshall A. Spooner,* for appellant.

*Brooks & Hendrix* and *George C. Ripley,* for respondent.

VANDERBURGH, J. The defendant, being the owner of three blocks of land described in the complaint, designated as blocks 2, 3, and 4, which were all incumbered by a mortgage executed by one Cleveland in the sum of $1,000, did on the 17th day of September, 1886, grant and convey, by warranty deed duly recorded, to one Ellen Schurch, his daughter, block 4, expressly subject to the mortgage referred to, the payment of which was also by the terms of the deed assumed by her as a part of the consideration of the deed. On the same day, also, the grantee mortgaged block 4 to one Wheelock for $2,000, subject to the mortgage first described. And thereafter, on June 16, 1887, such prior mortgage was foreclosed by advertisement, and the three blocks, 2, 3, and 4, were sold together as one parcel to one Leland as purchaser, for the sum of $1,140. Shortly before the expiration of the time of redemption, and on June 15, 1888, the purchaser assigned her certificate of sale to one Broat, who immediately executed

to the defendant Fasler, in due form, an instrument of release and discharge, under seal, from all claims under and by virtue of the Cleveland mortgage foreclosure, and the certificate thereof held by him, of block 2 and 3 in question, leaving the rights of the holder unchanged as respects block 4. The plaintiff, who had, previous to June 2, 1888, acquired by purchase and assignment the second mortgage upon block 4, running to Wheelock as above mentioned, did on that day file notice of his intention to redeem from the previous mortgage foreclosure sale, in pursuance of the statute in such case provided, and on the 20th day of June paid to the sheriff the amount bid, with interest, and received from him a certificate of redemption from such foreclosure sale of the three blocks above mentioned. By reason of this alleged redemption the plaintiff claims to have acquired the absolute title in fee of blocks 2 and 3, and brings this suit to quiet his title as against the adverse claim of the defendant.

1. The effect of the stipulation in the deed to Mrs. Schurch, by which the same was made subject to the Cleveland mortgage, and whereby she expressly assumed the payment of the whole mortgage debt as the consideration for the deed, was to make the land thereby conveyed (block 4) the primary and exclusive fund for the payment of the mortgage as against her, and as to her grantees and mortgagees of the same block with notice, actual or constructive. That block thereby became charged with the payment of the debt by her contract as effectually as if she had given a new mortgage therefor upon it. And the plaintiff, as holder of the second mortgage, was bound by the equities appearing upon her title, as the same appeared of record. *Welch* v. *Beers,* 8 Allen, 151; 1 Jones, Mortg. § 743; *Hazlett* v. *Sinclair,* 76 Ind. 488; Leake, Cont. 1236; *Kettle River R. Co.* v. *Eastern Ry. Co.,* 41 Minn. 461, (43 N. W. Rep. 469.)

2. He could not, therefore, contrary to the stipulation in the deed to his mortgagor, acquire or assert any rights to block 2 and 3 under the prior mortgage, as against the grantor in that deed, the defendant, or his assigns. Had he purchased at the sale or taken an assignment of the certificate, the transaction would have been adjudged in equity as equivalent to a payment. His redemption operated as a formal assignment to him of the right acquired under the sale. The

law permitted him to make such redemption by virtue of his relation to the property as second mortgagee. But it did not alter his equitable relation to this defendant as respects the prior mortgage, or the effect of the previous contracts by which he was bound. If there had been no such relation, and he had, prior to such redemption, made an express contract with the defendant to save him harmless, as respects the blocks in question, or to hold the same as trustee for him, the plaintiff might have made a formal redemption under the statute, and have acquired the bare legal title; but it would have been subject to his prior agreement, and would have been cancelled or deemed to have been held by him in trust. And this case does not differ in principle from such supposed case. *Probstfield* v. *Czizek*, 37 Minn. 420, (34 N. W. Rep. 896.)

Judgment affirmed.

NOTE. *W. H. Miller* v. *B. Eisele,* involving the same questions as the foregoing case, was argued at the same time with it, by the same counsel, and with the same result. .