MARY E. JAGER *vs.* HENRY H. VOLLINGER.

Hampshire.    October 20, 1899. — November 28, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Deed — Agreement by Grantee to pay Mortgage — Exoneration of Grantee of another Parcel included in Mortgage — Act operating as Satisfaction of Mortgage — Equity.*

If one of two parcels of land included in a mortgage is conveyed "subject to a mortgage claim of . . . the payment of which claim is a part of the consideration named," and subsequently the other parcel is conveyed by a warranty deed, containing no mention of the mortgage, all of the deeds being duly recorded, the words quoted import an undertaking by the grantee in that deed to pay the mortgage, and the effect of the agreement thus made by him by accepting the deed is to throw the burden of the mortgage upon the land conveyed to him, as between him and his grantor, and the duty of exonerating therefrom the other parcel of land.

When the owner of one parcel of land, who is required by equity to exonerate the

owner of another from a mortgage, pays the amount due or does other acts sufficient to satisfy it, equity will treat the mortgage as satisfied, whatever may have been his intention or the form of the conveyance from the mortgagee.

BILL IN EQUITY, filed January 25, 1898, in the Superior Court, to restrain a continuing trespass upon land in Hatfield. Hearing before *Aiken*, J., who dismissed the bill, and, at the plaintiff's request, reported the case for the determination of this court; such decree to be entered as equity might require. The facts appear in the opinion.

*W. G. Bassett & J. W. Mason*, for the plaintiff.

*C. N. Clark*, for the defendant.

HOLMES, C. J. This is a bill in equity to restrain a continuing trespass. The only issue is on the question of title, and that is brought before us by report. Both parties derive title from one Ballou. In 1860 Ballou mortgaged the land in question, which was in Hatfield, and also two lots in Northampton to the Trustees of the Smith Charities. In 1865 he conveyed the Northampton land to one Halloran, by a deed containing this clause: " Subject to a mortgage claim of fourteen hundred dollars to the Trustees of the Smith Charities, the payment of which claim is a part of the consideration named." In 1871 Ballou conveyed the Hatfield land by warranty deed, making no mention of the mortgage, and this land came by subsequent conveyances to the plaintiff. All the above mentioned deeds were duly recorded. For more than twenty years the plaintiff and her predecessor in title held their land claiming title and with no knowledge of the mortgage, and up to April, 1893, Halloran and his successors in title to the Northampton lands paid the mortgage interest. On July 6, 1893, the mortgagees entered upon one of the Northampton lots to foreclose and recorded a certificate of entry, and thereupon made a lease of the land covered by the mortgage to one Fernald, then the owner of the Northampton land, for a sum equal to the interest on the mortgage and taxes. In May, 1896, Fernald conveyed to the defendant by a deed containing a clause like that in the original deed to Halloran. On July 6, 1896, the mortgagees quitclaimed all the mortgaged land to the defendant in consideration of a new bond secured by a mortgage of the same three tracts.

We are of opinion that the words in the Halloran deed im-

ported an undertaking by Halloran to pay the mortgage. If they had been only " subject to a mortgage, etc. which is part of the consideration," they would not have had that effect. *Fiske* v. *Tolman*, 124 Mass. 254. *Belmont* v. *Coman*, 22 N. Y. 438. But here not the mortgage but the payment of the mortgage is a part of the consideration. This means a payment by the grantee, and sufficiently expresses the assumption of that burden by him. *Carley* v. *Fox*, 38 Mich. 387, 389. *Tichenor* v. *Dodd*, 3 Green Ch. 454. *Stebbins* v. *Hall*, 29 Barb. 524, 529. *Moore's appeal*, 88 Penn. St. 450, 452. See *Locke* v. *Homer*, 131 Mass. 93, 106. And as to the effect of the payment of interest by Halloran and his successors, without more, see *Pike* v. *Goodnow*, 12 Allen, 472, 475, 476. The effect of the agreement thus made by Halloran by accepting the deed to him was to throw the burden of the mortgage upon the Northampton land as between him and Ballou. *Bradley* v. *George*, 2 Allen, 392. As the deed was recorded his successors in title took subject to the same equitable burden. *George* v. *Wood*, 9 Allen, 80, 82; *S. C.* 11 Allen, 41, 42. The successors to Ballou's title in the Hatfield land under his warranty deed in like manner succeeded to the benefit of the agreement. *Welch* v. *Beers*, 8 Allen, 151. See further, *Pike* v. *Goodnow*, 12 Allen, 472 ; *Baring* v. *Moore*, 4 Paige, 166, 168 ; *Bowne* v. *Lynde*, 91 N. Y. 92 ; *Johnson* v. *Walter*, 60 Iowa, 315 ; *Miller* v. *Fasler*, 42 Minn. 366.

Such was the relation between the present parties, at least while the mortgage remained in force, and such, therefore, was their relation on July 6, 1896. On that day the foreclosure was not complete, it being settled in favor of the mortgagor that the day of the entry to foreclose is to be excluded from the statutory three years, while the mortgagee is not given the corresponding benefit with regard to the last day. *Fuller* v. *Russell*, 6 Gray, 128. See *Bemis* v. *Leonard*, 118 Mass. 502, 507 ; *Walker* v. *John Hancock Mutual Life Ins. Co.* 167 Mass. 188. In some cases where the law is more strenuous to uphold a transaction a different rule prevails. *Stewart* v. *Griswold*, 134 Mass. 391. But apart from the slightly greater or less favor with which a matter may be regarded, the main thing, as often has been said, is to have the law settled, and we have no disposition to disturb it. This being so, it is unnecessary to consider whether the payment

of the so called rent by Fernald and the defendant under the lease ought or ought not to be treated as a payment of interest as between them and the plaintiff.   *Trow* v. *Berry,* 113 Mass. 139, 148.

When the owner of one parcel of land, who is required by equity to exonerate the owner of another from a mortgage, pays the amount due or does other acts sufficient to satisfy it, equity will treat the mortgage as satisfied " whatever may have been his intention or the form of the conveyance from the mortgagee." *Putnam* v. *Collamore,* 120 Mass. 454, 458.   *McCabe* v. *Swap,* 14 Allen, 188.   *Thompson* v. *Heywood,* 129 Mass. 401, 404. *Johnson* v. *Walter,* 60 Iowa, 315, 318, 319.   *Miller* v. *Fasler,* 42 Minn. 366.   In the case at bar the execution of the new bond and mortgage on July 6, 1896, may not have purported to be in satisfaction of the old one, because probably the parties thought that the old one was foreclosed.   But at that date the mortgagees could not give a clear title, while on the other hand they could accept satisfaction.   As between the plaintiff and the defendant the new bond must be taken to have been given to satisfy the old debt and to have satisfied it.   Whether it had the same effect as against the mortgagees or whether they are to be regarded as holding a continuing security, we express no opinion.   They are not before us.   But in this proceeding the plaintiff is entitled to prevail, and the judge erred in ruling the other way.

*Decree for the plaintiff.*