## DOLLY S. PARKS, PETITIONER.

Worcester, December, 1902.

*Agreement to Assume Mortgage — Equity — Estoppel — Laches.*

Locus in this case is made up of two lots, shown by the Examiner on his plan as " A " and " B." In 1867, one Gardner, the then owner of both lots, mortgaged them for the sum of $1,000 to one Wilson, and later in the same year, conveyed lot " A " to one Parks, subject to the mortgage, which was recited as covering both the Parks' lot " A " and the adjoining lot " B," and which said Parks assumed as a part of the consideration for his deed. In 1874 Parks defaulted payment of the mortgage and surrendered possession for the purpose of foreclosure under G. S., Ch. 140, Sec. 2; the mortgagee also recording an evidence of possession by certificate of witnesses. About a week after the expiration of the time limited for redemption, the mortgagee, for the consideration of $1,613.66, conveyed the mortgaged premises to a son of said Parks, who, on the same date and by an instrument recorded simultaneously with the deed to him, quitclaimed to Parks. The petitioner is residuary devisee under the will of said Parks.

The Examiner reports adversely on the title on the ground that the petitioner as claiming under Parks is estopped, by reason of his agreement to assume the mortgage, to assert a title by its foreclosure; and relies on Probstfield *v.* Czizek, 37 Minn. 420. This unpronounceable Minnesota case, however, was one in which the grantee of a deed made under similar circumstances was seeking the aid of the court to

put him into possession, as against his grantor, of the property which he had acquired by foreclosure proceedings made in violation of his agreement.  So in Massachusetts, one who is under an obligation to pay a mortgage will not be permitted to acquire the mortgage title and assert it against those toward whom, or for whose benefit, it was his duty to pay it.  An assignment to him will be held to operate as payment.  Tucker *v.* Crowley, 127 Mass. 400.  Thompson *v.* Heywood, 129 Mass. 401.  And see Jager *v.* Vollinger, 174 Mass. 521.

But in the case at bar the petitioner is neither seeking to enforce the mortgage debt, nor to secure possession of the mortgaged premises.  She is already in, and has been for over twenty years, claiming as a purchaser for value.  Whatever the rights or relations between the parties arising under the agreement in. the Parks deed, lot " B " was always subject to the Wilson mortgage, and liable to foreclosure by the mortgagee.  Foreclosure took place and the title passed.  Whatever equities Gardner may have had. by virtue of which a Court would, if seasonably invoked, have held Parks or his devisee estopped from prosecuting any action under his title so acquired, must be held at this late day to have been lost by laches. · For all that now appears the breach of agreement may have been actually satisfied or waived years ago.  Such at least is a fair presumption.  The legal title cannot remain clouded indefinitely by what is at most a mere right to assert an equity.

Decree for Petitioner.