ELLA C. WESTBERG v. SOPHIA C. PETTIFORD AND ANOTHER.

A. G. HUDSON, DEFENDANT-APPELLANT.[1]

April 8, 1921.

No. 22,205.

**Mortgage foreclosure — estoppel in favor of second mortgagee.**

Land in controversy was subject to three mortgages, the second and third were given by the owner, and the first she had assumed and agreed to pay. The first had been foreclosed and the time for redemption was about to expire. The third mortgagee took an assignment of the certif-

[1] Reported in 182 N. W. 441.

icate of sale. The court found that part of the consideration was paid by the owner and part by the third mortgagee, that both were parties in interest in the assignment and that they took the assignment in the name of the third mortgagee pursuant to a collusive agreement between them, for the purpose of depriving the second mortgagee of her security. There is evidence to sustain these findings. *Held* the owner was estopped from asserting the assigned certificate against the second mortgagee, and, in view of the arrangement between the owner and the third mortgagee, the latter had no better right than the owner.

Action in the district court for Anoka county to subrogate plaintiff to all the rights acquired by defendant Hudson in the foreclosure of the third mortgage mentioned in the first sentence of the opinion, and the assignment thereof, to recover $2,200 and interest from defendant Sophia C. Pettiford, and for a decree that plaintiff had a valid purchase money lien upon the mortgaged premises for that amount. The case was tried before Giddings, J., who made findings as stated in the second paragraph of the opinion, and ordered judgment in favor of plaintiff. From an order denying her motion for a new trial, defendant Hudson appealed. Affirmed.

*Everett Moon,* for appellant.

*Leeds H. Cutter* and *Albert F. Pratt,* for respondents.

HALLAM, J.

Defendant Sophia C. Pettiford owned a piece of land in Anoka county. There were three mortgages against it, the first to the State Bank of Anoka, the second to plaintiff, and the third to W. O. Jackson. Mrs. Pettiford had purchased the property subject to the first and had assumed and agreed to pay it. She had given the second and third. The first mortgage was foreclosed by sale May 29, 1918. Later, the third was foreclosed and the certificate of sale assigned to defendant Hudson. On May 29, 1919, defendant Hudson filed notice of intention to redeem from the bank mortgage and also took an assignment of the certificate of sale held by the bank. Plaintiff took no steps to redeem, but later brought this action, claiming that the assignment of the bank's certificate to defendant Hudson was in fact in behalf of defendant Pettiford, and that the rights acquired thereunder are subordinate to the rights of plaintiff under her mortgage.

The court found that a substantial part of the consideration for the assignment of the bank's certificate of sale was paid by defendant Pettiford and the balance by defendant Hudson or her business associate; that defendants Pettiford and Hudson and her business associate are the real parties in interest in said assignment, and that these parties took the assignment in the name of defendant Hudson pursuant to a collusive agreement between them and for the purpose of depriving plaintiff of her security.

There can be little doubt that the assumption of the bank's mortgage by defendant Pettiford estopped her from asserting an assignment of that mortgage against plaintiff. Probstfield v. Czizek, 37 Minn. 420, 34 N. W. 896.

Defendant Hudson insists that there is no evidence to sustain the finding that defendant Pettiford was a party in interest in the purchase of the bank's certificate of sale, or that there was any collusion between the parties. We think there is. The evidence to sustain the findings consists, for the most part, of the admission and conduct of the parties, but we think it is sufficient. There is evidence that, a day or two before the taking of the assignment, defendant Pettiford had procured about half the amount necessary to redeem to be wired her from Oregon, that she and the business associate and representative of defendant Hudson came, one from Minneapolis and one from the farm, and met in Anoka and together went to the bank; that defendant Hudson's representative told the officers of the bank that some one in his Minneapolis office was going to advance the money to help Mrs. Pettiford take up the mortgage, and that if the bank would give an assignment it would help Mrs. Pettiford out and save her trouble and expense. Defendant Pettiford and defendant Hudson's representative together participated in all the negotiations at the bank and afterwards went together to the Court House to file the papers. About this time Mrs. Pettiford stated to a friend, that Hudson was going to help her out, that "she is going to take up the first mortgage * * * and that would cheat out the second mortgage."

Having found that defendants Pettiford and Hudson are the real parties in interest, and that each contributed a part, and that they took the assignment in the name of Hudson pursuant to a collusive agreement between them and for the purpose of depriving plaintiff of her security, we

are of the opinion that the court could properly find that the rights of defendant Hudson are no better than those of defendant Pettiford, and that neither nor both together can assert against the plaintiff the title acquired under the bank's certificate of foreclosure sale.

The rights of the defendants as between themselves are not here determined.

Order affirmed.