## JOSEPH P. OMAN v. ADOLPH M. BALFANY AND OTHERS.[1]

January 16, 1925.

No. 24,264.

**Purchaser not entitled to lien against vendors for part payment of purchase price.**

A purchaser who pays an encumbrance which he had agreed to pay as a part of the purchase price is not entitled to a lien against his vendors for the amount so paid.

Action in the district court for Hennepin county by the receiver of the Standard Paper Box Company to recover possession of an egg carton machine valued at $2,500. The case was tried before Nye, J., who found that plaintiff as such receiver was the owner of the machine subject to certain liens. From certain portions of the amended judgment, Joseph P. Oman and Earl W. Koeser appealed. Reversed as to Anna Balfany.

*E. A. Waters*, for appellants.

*Daniel F. Foley*, for respondent Anna Balfany.

TAYLOR, C.

This is an action in replevin to recover possession of an egg carton machine. The court found that plaintiff is the owner and entitled to the possession of the machine subject to a lien thereon held by defendant Anna Balfany. The sole question presented on this appeal

[1]Reported in 201 N. W. 916.

is whether the findings of fact sustain the conclusion that defendant Anna Balfany is entitled to a lien on the property. It is clear that they do not.

The court found, in substance, that Earl W. Koeser was the owner of the patents pertaining to the machine, and was also the president and principal stockholder of the Standard Paper Box Company of which plaintiff is the receiver; that the box company and Koeser entered into a contract with Balfany by which they agreed to sell to her the machine and the patents, on the express condition that they should retain the title thereto until the entire purchase price was paid, and by which she agreed to pay as the purchase price therefor, within 90 days, the sum of $15,000 to the vendors and the further sum of $9,000 to Charles Weinhagen & Company who had a lien on the property for that amount; and that she had paid and satisfied the claim of Charles Weinhagen & Company but had never paid any part of the remainder of the purchase price.

The lien claimed is for the amount paid in satisfying and discharging the Weinhagen lien. Defendant Balfany had contracted to pay this lien as a part of the purchase price. In paying it, she merely discharged her own obligation to the vendors to that extent. As to them the payment can be given no effect other than as a part payment of the purchase price, whether she did or did not obtain an assignment of the lien from Weinhagen & Company. Probstfield v. Czizek, 37 Minn. 420, 34 N. W. 896; Wentworth v. Tubbs, 53 Minn. 388, 55 N. W. 543; Westberg v. Pettiford, 148 Minn. 386, 182 N. W. 441; Frey v. Vanderhoof, 15 Wis. 436 (398); Birke v. Abbott, 103 Ind. 1, 1 N. E. 485, 53 Am. Rep. 474; Willson v. Burton, 52 Vt. 394; Carlton v. Jackson, 121 Mass. 592; White v. Schader, 185 Cal. 606, 21 Pac. 19, 21 A. L. R. 499, and note.

It was her duty to make the payment, and none of the elements essential to entitle her to claim a lien on the property as against her vendors is disclosed in the findings.

Appellant's brief discusses some interesting questions to which we have not adverted as the conclusion we have reached renders a consideration of them unnecessary.

So much of the judgment as decrees a lien upon the property in favor of Anna Balfany is reversed.