# O. L. HILDE v. INTERNATIONAL HARVESTER COMPANY OF AMERICA.[1]

February 26, 1926.

No. 25,052.

**When promise to pay employe increased salary is without consideration.**
A promise to pay an employe an increased compensation for doing that which he is already under contractual obligation to do is without consideration.

Contracts, 13 C. J. pp. 351 n. 27; 353 n. 45, 46.

Action in the district court for Hennepin county. The case was tried before Baldwin, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Reversed.

*Fowler, Carlson, Furber & Johnson,* for appellant.
*Tifft & Youngdahl,* for respondent.

WILSON, C. J.

Plaintiff sued to collect commissions on sales made for defendant. Defendant appealed from an order denying its motion for judgment notwithstanding a verdict for $1,250 or for a new trial.

On December 13, 1923, a written contract was made between the parties whereby plaintiff was employed for a period of one year beginning December 26, 1923, on the basis of $210 per month and traveling expenses. Either party could terminate the contract at any time by giving 30 days' notice. About April 1, 1924, negotiations resulted in an oral agreement to raise plaintiff's salary to $225 a month from December 1, 1923, and to pay him 5 per cent commission on all sales in excess of $50,000, payable on the twenty-fifth of the month following the entry of settlements on defendant's books. Before this agreement was made plaintiff was considering

[1] Reported in 207 N. W. 617.

leaving defendant's employment and accepting another position. Upon making the oral agreement he concluded to remain with defendant. He did not obligate himself to remain for any certain time. The oral agreement did not contemplate a termination of the written contract. We construe the record as indicating an intention of the parties, when they made the oral agreement, to modify the written contract by giving plaintiff an increased salary and a commission. The evidence does not justify the conclusion that the oral agreement was substituted as the entire contract in place of the prior written agreement. When plaintiff was asked if it was agreed that the salary contract should cease, he said: "No, I was to have a raise in salary." Each of the parties continued to have the right to terminate the employment as specified. Plaintiff did not waive this right. In fact, when he left defendant's employment about May 24, 1924, the provision of the 30 days' notice was recognized when defendant waived it by telling plaintiff he need not give it.

Plaintiff did nothing for defendant that he was not required to do under the original contract. He did not by the oral agreement render himself liable to do anything more than he was obliged to do by the terms of the unmodified written agreement. He assumed no new burdens. Being bound by a subsisting contract to do all that he agreed to do by the modified contract, it is plain that the promise of defendant was a voluntary one without benefit to it nor has plaintiff sustained loss. There was no valid consideration to support the promise of defendant. The consideration was unreal. It was a mere naked promise. King v. D. M. & N. Ry. Co. 61 Minn. 482, 63 N. W. 1105; Ten Eyck v. Sleeper, 65 Minn. 413, 417, 67 N. W. 1026; Davis & Co. v. Morgan, 117 Ga. 504, 43 S. E. 732, 61 L. R. A. 148, 97 Am. St. 171; Russell v. H. W. Johns-Manville Co. 53 Cal. App. 572, 200 Pac. 668; 13 C. J. 352, § 209; Id. 351, § 207; 6 R. C. L. 664; Price v. Press. Pub. Co. 117 App. Div. 854, 103 N. Y. Supp. 296; Lingenfelder v. Wainwright Brewing Co. 103 Mo. 578, 15 S. W. 844; Alaska Packers Assn. v. Domenico, 54 C. C. A. 485, 117 F. 99.

The order of the trial court is reversed with direction to enter judgment for defendant.

Reversed.