FRANK G. COSTA *vs.* MARIA DA SILVA SARDINHA & another.

Bristol. November 7, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Mortgage,* Of real estate: disposition of surplus after foreclosure.

The owner of two lots of land mortgaged them to a bank and then conveyed one of them to a grantee who assumed and agreed to pay the mortgage, and who on the same date gave to a third person a mortgage on that lot, stated to be subject to the bank mortgage, "a breach of which shall constitute a breach of the conditions of this mortgage giving the mortgagee hereunder the right to foreclose this mortgage." In the second mortgage the premises were referred to as those conveyed on the same day by a deed of the owner of the two lots "and recorded

herewith." That second mortgage and the deed from the original owner to that mortgagor were recorded at the same time. The original owner did not convey his equity in his other lot. The second mortgagor of the lot conveyed failed to pay the bank mortgage, and it was foreclosed by sale, both lots being sold for a price which exceeded the amount due on the first mortgage by a sum less than the value of the lot the original owner had not conveyed. *Held,* that

(1) The second mortgagee took his mortgage with notice of the burden which his grantor had placed upon the lot therein described also to satisfy the bank mortgage, and he held title subject to that burden;

(2) In the circumstances, the original owner, as owner of the equity in the lot he had retained, was entitled to the entire surplus.

BILL IN EQUITY, filed in the Superior Court on March 20, 1926, for an accounting as to a surplus in the possession of Taunton Co-operative Bank after the foreclosure of a mortgage.

In the Superior Court, the suit was heard upon a master's report by *Dubuque,* J. Material facts and a final decree are described in the opinion. The plaintiff appealed.

*V. J. Deponte, Jr.,* for the plaintiff, submitted a brief.

No argument nor brief for the defendants.

SANDERSON, J. The plaintiff owned two adjoining parcels of land known as lots one and two, and on April 23, 1924, mortgaged them to the Taunton Co-operative Bank for $3,500. On November 6, 1925, he conveyed lot numbered one to Roza De Souza Cabral, subject to the mortgage to the bank on both lots, and in the conveyance Cabral assumed and agreed to pay the mortgage. On the same date Cabral gave a mortgage on lot one to the defendant Sardinha for $543.59, subject to the prior mortgage held by the Taunton Co-operative Bank, "a breach of which shall constitute a breach of the conditions of this mortgage giving the mortgagee hereunder the right to foreclose this mortgage." In the mortgage to Sardinha the premises were referred to as the same conveyed to the mortgagor by deed of Frank G. Costa dated November 7, 1925, "and recorded herewith." This deed and mortgage were recorded at the same time. Cabral failed to pay the amounts due on the mortgage to the bank and it was foreclosed on March 16, 1926; the property was bought at the foreclosure sale, by a person acting

for the defendant Sardinha, for $3,800. The surplus remaining after settling the bank mortgage is $426.37. At the time of the foreclosure the fair market value of lot one was $3,400 and of lot two $700. The court apportioned the surplus for the purpose of applying it to the two lots in the ratio of their valuations, and entered a decree that out of the surplus $74.48 be paid to the plaintiff representing seven forty-firsts of the amount for which the property was sold at foreclosure sale and the balance, $351.89, be paid to the defendant Sardinha. The plaintiff appealed. His contention is that the whole surplus should be paid to him; that Sardinha took her mortgage with notice of Cabral's agreement to pay the first mortgage and that she took title as mortgagee subject to that agreement.

By accepting the deed, Cabral agreed to pay the amount due on the first mortgage as a part of the purchase price of lot one. In legal effect she made a personal contract with the plaintiff, for the breach of which the plaintiff could maintain an action against her. *Furnas* v. *Durgin,* 119 Mass. 500. *Locke* v. *Homer,* 131 Mass. 93. *Reed* v. *Paul,* 131 Mass. 129. *Walton* v. *Ruggles,* 180 Mass. 24. As between Cabral and her grantor, the burden of the mortgage was thrown on Cabral's land alone to the exoneration of the remaining land. *Bradley* v. *George,* 2 Allen, 392. *Jager* v. *Vollinger,* 174 Mass. 521. *Pearson* v. *Bailey,* 177 Mass. 318, 320. The grantee was bound to relieve the grantor from all liability for his indebtedness on the mortgage note and also to relieve the land from the lien of the mortgage. *Rice* v. *Sanders,* 152 Mass. 108. *Peterson* v. *Abbe,* 234 Mass. 467. If the question were solely between the grantee and the plaintiff, now that both lots have been sold at foreclosure and a surplus remains, Cabral would not be entitled to any part of the surplus until the plaintiff had been reimbursed for the value of lot two; and such reimbursement would exhaust the surplus. Upon the facts stated, the defendant took her mortgage with notice of the burden which her grantor had placed upon lot one to satisfy the mortgage, and she holds title subject to that burden. *Jager* v. *Vollinger, supra,* page 523. *George* v. *Wood,* 9 Allen, 80, 82;

*S. C.* 11 Allen, 41, 42.   See *Clark* v. *Fontain,* 135 Mass. 464, 466; *Converse* v. *Ware Savings Bank,* 152 Mass. 407, 408; *Bates* v. *Boston Elevated Railway,* 187 Mass. 328, 340.   For the reasons stated she is not entitled to receive any part of the surplus remaining from the foreclosure sale.

The decree is to be reversed and a decree entered ordering the Taunton Co-operative Bank to pay the surplus, to wit, the sum of $426.37, to the plaintiff.

*Ordered accordingly.*