## A. C. NEWGARD v. EDWARD FREELAND.[1]

March 6, 1936.

No. 30,596.

*Leach & Leach,* for appellant.

*Sawyer & Lord* and *Meighen, Knudson & Sturtz,* for respondent.

HOLT, JUSTICE.

Action of unlawful detainer begun in the municipal court of Owatonna. Judgment for plaintiff awarding him the immediate possession of a farm, from which defendant appealed to the district court of Steele county. An amended answer was served, and at the conclusion of the trial the court, upon plaintiff's motion, directed the jury to return a verdict for plaintiff. Defendant appeals from the order denying his motion for a new trial.

It appears that until sometime in 1933 the farm in question was owned by defendant subject to a first mortgage in the sum of $6,000 to the Bankers Farm Mortgage Company of Milwaukee, and

[1]Reported in 265 N. W. 425.

a second mortgage of $3,000 to Oscar C. Newgard and assigned in 1928 to C. C. Newgard, upon which $1,500 was still unpaid, when for default the first mortgage was duly foreclosed by advertisement and bid in for $5,800, by the first mortgagee, on November 25, 1933. There was no redemption. In December, 1934, the Bankers Farm Mortgage Company conveyed the farm by quitclaim to plaintiff and assigned the sheriff's certificate to him. It is conceded that the legal title was in plaintiff when this action was commenced, and that defendant, the mortgagor, held over after the time for redemption had expired upon a valid mortgage foreclosure sale. Hence the only question is whether defendant's evidence showed any right of possession to the farm or equitable interest therein entitling him to retain possession.

Defendant alleged and attempted to prove such right under an alleged agreement with J. C. Newgard, a brother of plaintiff. It is claimed that J. C. Newgard was the real owner of the second mortgage held in the name of C. C. Newgard, another brother, and that J. C. Newgard negotiated the purchase of the farm from the Bankers Farm Mortgage Company, furnished the money, and placed the title in plaintiff to hold for him, J. C. Newgard. For the purpose of this decision we may assume that J. C. Newgard was in fact the owner of the second mortgage and that he procured the title from the Bankers Farm Mortgage Company for himself but placed it in the name of plaintiff for his own convenience. But, even so, the evidence does not, in our opinion, show any contract made by him with defendant under which defendant can assert any legal or equitable right to retain possession of the farm or to assert any interest therein. In the summer and fall of 1934, as owner or as agent for C. C. Newgard, the then record owner of the second mortgage, J. C. Newgard, if the second mortgage was to be made use of, had to prepare for redemption from the foreclosure of the first mortgage, in case defendant should not redeem. On November 21, 1934, he came to the farm and proposed to defendant that he would satisfy the second mortgage for $700. Defendant finally offered to pay $250 for satisfaction of the second mortgage. This offer was accepted. The note and mortgage were returned to de-

fendant, and full satisfaction of the mortgage was executed and delivered by C. C. Newgard to defendant in payment of $250. At the time of that transaction the alleged agreement is claimed by defendant to have been made by J. C. Newgard, and the whole thereof is summed up in this question and answer put to defendant on cross-examination:

Q. "And the final agreement that you reached was that you were to pay him $250, that he would give you a release of the mortgage and that he would stay off and would not redeem from foreclosure of the first mortgage, is that right?

A. "Yes, that is right, and not take it up any more and let me try and get it back."

The "it" was the farm. Of course, after satisfying the second mortgage, no redemption could be made thereunder. Defendant contends that it was an agreement not to buy the farm so that defendant could have a free hand and at his leisure negotiate for the repurchase thereof. Defendant had no negotiation with the Bankers Farm Mortgage Company before redemption expired to acquire the farm in the event of his inability to redeem. As far as his evidence goes, defendant made no effort to obtain means to buy the farm. There was some talk with J. C. Newgard that he would proceed under the Frazier-Lemke Act of Congress, since declared unconstitutional; but he took no steps thereunder while he had the opportunity, nor did he avail himself of our moratorium law (L. 1933, c. 339) which was open to him. There is a letter written by DeBuhr, a special agent of the Bankers Farm Mortgage Company, under date of December 19, 1934, indicating that some days previous thereto the agent had called on defendant in regard to the farm and had then informed defendant that plaintiff had acquired it. It appears from the testimony of this agent, Mr. DeBuhr, that defendant had desired only to rent the farm in case the deal with plaintiff did not go through. It is evident to us that defendant has no such agreement with J. C. Newgard in regard to the possession of this farm as will avail as a defense in this unlawful detainer action; and that is so even though J. C. Newgard was plaintiff's

authorized agent. There was no contract in writing. The language used by J. C. Newgard, and upon which alone defendant predicates an agreement, is indefinite and uncertain. It was spoken during or at the close of the transaction when for $250 defendant obtained a satisfaction of the second mortgage upon which $1,500 was due and unpaid. It can hardly be claimed that there was in the payment of $250 any consideration for another contract than that of the satisfaction of the second mortgage and the note secured thereby. Thysell v. Holm, 124 Minn. 541, 145 N. W. 164; Hilde v. International Harv. Co. 166 Minn. 259, 207 N. W. 617.

But defendant asserts that plaintiff, holding the title for J. C. Newgard, is estopped from asserting it to oust defendant of possession. As authority for the proposition are cited Probstfield v. Czizek, 37 Minn. 420, 34 N. W. 896; Miller v. Fasler, 42 Minn. 366, 44 N. W. 256; Westberg v. Pettiford, 148 Minn. 386, 182 N. W. 441; Oman v. Balfany, 161 Minn. 429, 201 N. W. 916; Bankers Life Co. v. Farmers State Bank, 188 Minn. 349, 247 N. W. 239. All are cases where a grantee in a deed had assumed a mortgage and agreed to pay it as a part of the purchase price, and thereafter secured title through such mortgage and asserted it against the one whom he agreed to benefit by its payment. There is nothing in the record tending to show that J. C. Newgard agreed to protect or secure the title to the farm for defendant, or that defendant refrained from doing anything to secure title or right of possession in reliance upon what J. C. Newgard said at the time the satisfaction of the second mortgage was given. Defendant did not attempt to redeem. He made no application under L. 1933, c. 339, 3 Mason Minn. St. 1934 Supp. §§ 9633-1 to 9633-21, the moratorium act, for an extension of the time of redemption from the first mortgage foreclosure sale. He said he told Newgard that he intended to seek relief under the Frazier-Lemke Act of Congress, but never took any step in that direction. And from the testimony of his own witness DeBuhr, who was a special agent of the Bankers Farm Mortgage Company, in charge of farms acquired through mortgage foreclosures, it appears that after the redemption on this farm had expired the only negotiation in respect to the farm attempted by defendant was to

rent it, thereby indicating that he recognized that all right to possession was gone. In what J. C. Newgard said or did on November 21, 1934, we find nothing upon which a defense by way of estoppel can be based.

Several assignments of error question rulings sustaining objections to questions asked plaintiff when on the witness stand. Since, for the purpose of this decision, we have assumed that J. C. Newgard was the actual owner of the second mortgage and the one who furnished the money for the purchase of the farm and took title thereto in the name of plaintiff, the rulings cannot be said to have prejudiced defendant, for the purport of the testimony sought to be elicited was to show that J. C. Newgard was the real plaintiff and owner of the farm.

The order is affirmed.